MELVIN, WOODROW M., Associate Judge.
The Florida Public Utilities Commission, by order No. 3296, set a new rate which prescribed a flat 15^ per ton differential for multiple car joint line transportation of crushed stone. The Florida East Coast Railway Company brought certiorari. The Supreme Court of Florida held that there was no evidence in the record to support that aspect of the order and the Court quashed the same to the extent that it sought to establish such joint haul rate differential. Florida East Coast Railway Company v. King, 158 So.3d, 523 (Fla.1963).
Thereafter, the Florida Public Utilities Commission filed suit in the Circuit Court of Leon County to enjoin the Florida East Coast Railway Company from attempting to collect freight charges on any rates other than those prescribed by said commission in order No. 3296 for service rendered between the time of the effective date of such order and the date of the Supreme Court’s ruling thereon. It is the position of the plaintiff that the establishment of freight rates is a legislative function of the commission and, therefore, the commission rates as set by the order in question must be presumed valid until nullified by the courts.
The trial court entered summary final decree in favor of the defendant railroad and the plaintiff has prosecuted its appeal from said decree.
The trial court held that the commission’s order in question is, to the extent that the same was quashed by the judgment of the Supreme Court of Florida, void and in the same status as if the portion quashed had never been entered. The trial court further held that “Though the subject matter of the order mentioned may be classified as quasi-legislative in character, the method of promulgation prescribed by law is more akin to judicial procedure, part of which is review by the Supreme Court by certiorari.”
The decree of the trial court reserved to shippers such rights as they may have to assert equitable or other defenses in any-suits brought against them by the railroad to recover any alleged differential in freight tolls as may exist between the rate actually in effect and that which the quashed portion of the order undertook to prescribe.
In the case of Tamiami Trail Tours, Inc. v. Railroad Commission, 128 Fla. 25, 174 So. 451 (1937), the Supreme Court of Florida said:
“On certiorari the appellate court only determines whether or not the tribunal or administrative authority whose order or judgment is to be reviewed has in the rendition of such order or judgment departed from the essential requirements of the law and upon that determination either to quash the writ of certiorari or to quash the order reviewed.
“When the order is quashed, as it was in this case, it leaves the subject *516 matter, that is, the controversy pending before the tribunal, commission, or administrative authority, as if no order or judgment had been entered and the parties stand upon the pleadings and proof as it existed when the order was made with the rights of all parties to proceed further as they may be advised to protect or obtain the enjoyment of their rights under the law in the same manner and to the same extent which they might have proceeded had the order reviewed not been entered.”
If the construction contended for by the plaintiff were to be adopted, the commission would then be vested with the unrestrained authority to arbitrarily increase or decrease freight rates, without any supporting evidence, without observing the essential requirements of law, and to saddle the public or the carriers, as the case might be, with such an order, coupled with a command to “consider yourselves stuck with it until the court strikes it down.”
The summary final decree is affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.