286 So.2d 279 (1973)
Phillip W. PRICE et al., Appellants,
v.
HERNANDO BEACH, INC., Appellee.
No. 73-550.
District Court of Appeal of Florida, Second District.
December 5, 1973.
Frank A. McClung, Brooksville, for appellants.
C.R. Talley, Tampa, Joseph E. Johnston, Jr., Brooksville, and Adrian S. Bacon, St. Petersburg, for appellee.
*280 GRIMES, Judge.
This is an interlocutory appeal from an order staying further proceedings until the determination of a second case which is pending before the same court.
Hernando Beach, Inc. (hereafter called "Hernando") is a land developer. For several years, Hernando has been engaged in the development of marshy land in Hernando County adjacent to the Gulf of Mexico. The plaintiffs entered into contracts with Hernando to purchase certain of this property in Hernando Beach Units 12 and 13. These contracts provided that while the lots would be deeded to plaintiffs, Hernando would retain possession of the land until a specified date for the purpose of making certain promised improvements thereon.
Subsequent to the dates specified in the contracts, the plaintiffs filed this suit for rescission, alleging that Hernando had failed to deliver possession of the lots and had failed to make the improvements within the appointed time. According to the complaint, Hernando had been prohibited from improving the lots by reason of being unable to secure the necessary dredge and fill permits from the appropriate federal authorities. Among its defenses, Hernando alleged that it had been wrongfully prevented from performing the improvements on certain of the lots by actions of the Trustees of the Internal Improvement Fund of the State of Florida (hereafter called "Trustees") and the U.S. Army Corps of Engineers (hereafter called "Engineers").
Subsequent to the filing of this action, Hernando instituted a suit in Hernando County against the Trustees and numerous other state officials and parties. In that suit (hereafter called "the Trustees' suit"), Hernando alleges that it was prevented from improving certain of the property in Hernando Beach Units 12 and 13 because of public statements of the Trustees that such development was unlawful and that the Trustees owned the property in those units. The lot owners in Units 12 and 13, including the plaintiffs in the instant case, were joined as defendants in the Trustees' suit for the purpose of quieting the title against the Trustees.
Hernando moved for a stay of the instant case pending the outcome of the Trustees' suit. In his order granting the motion the trial judge recited that he had just finished hearing argument in the Trustees' suit and that he felt that the instant case could not be effectively determined until the Trustees' suit had been concluded. Not wishing to wait for the conclusion of the Trustees' suit, the plaintiffs filed this interlocutory appeal.
Clearly, Hernando would not be entitled to an abatement because the instant suit was filed first and because the causes of action in the two suits are not the same. State v. Lehman, 1930, 100 Fla. 1313, 131 So. 533. While the same considerations may be persuasive in the determination of whether to grant a stay, a trial judge must be accorded discretion in deciding whether or not to stay proceedings before him. Air Comfort Mechanical, Inc. v. Simmons, Fla.App. 1971, 252 So.2d 285. Hence, we must decide whether the order under attack was outside the court's discretion.
According to the complaint in the Trustees' suit, the Trustees contend that Hernando never had title to the lots in question. Presumably, that suit will resolve this contention. However, the complaint in the instant case alleges that federal authorities have denied Hernando the dredge and fill permits necessary to improve the land, and Hernando's answer places part of the blame on the Engineers for its inability to perform. Particularly in view of the fact that no federal authorities have been joined as parties in the Trustees' suit, it seems doubtful that a resolution of the Trustees' suit favorable to Hernando *281 would automatically permit the completion of the required improvements.
Furthermore, each of the plaintiffs' contracts provides that Hernando would improve the land by a specified date. While we do not pass on the question at this time, it does not necessarily follow that Hernando could avoid rescission of its contracts by simply showing that it was wrongfully prevented from consummating the improvements by state and federal authorities. See 6 Corbin on Contracts, Section 1321.
It is evident from a perusal of the complaint in the Trustees' suit that the final determination of that suit may take several years. In addition to seeking to quiet title to the lots, Hernando is suing the Trustees for damages premised upon slander of title, breach of covenant and unlawful interference with Hernando's contractual relations with the lot purchasers. Hernando is also suing its predecessors in the chain of title for breach of warranty and suing a title insurance company for damages in the event its title fails.
As far as the plaintiffs are concerned, they had a right to expect that they would receive their land in an improved state by the times specified in their contracts. That date has come and gone, and the plaintiffs have neither the land nor the money which they paid for the land. Should the stay be maintained, the plaintiffs may well become victims of the time tested legal maxim which says, "Justice delayed is justice denied."
Accordingly, we are constrained to conclude that the court below erred in staying the case so as to await the outcome of the Trustees' suit. We believe that justice would be more nearly served by permitting this suit to go forward in an orderly manner without postponement. The order of stay is, therefore, reversed.
HOBSON, A.C.J., and McNULTY, J., concur.