314 So.2d 241 (1975)
Mrs. Kathy M. FLETCHER, Widow of Paul C. Fletcher, Deceased, Appellant,
v.
L.L. DOZIER, Jr., M.D., and Hartford Insurance Company, Appellees.
No. W-519.
District Court of Appeal of Florida, First District.
June 3, 1975.
Rehearing Denied July 10, 1975.
J.M. Gifford, Law Offices of J. Marshall Gifford, Tallahassee, for appellant.
J. Lewis Hall, Hall & Booth, Tallahassee, for appellees.
BOYER, Acting Chief Judge.
By this appeal appellant seeks review of an order of the trial court granting defendants' (appellees here) motion for judgment on the pleadings.
The real issue relates to the statutes of limitations applicable to an alleged wrongful death resulting from medical malpractice, the decedent having died on November 17, 1971. (We stress the date because at the time this opinion is being written the legislature is in session and is considering an extensive revision of many statutes relating to medical malpractice.)
The statute of limitations applicable to an action arising upon account of an act causing a wrongful death, including such deaths resulting from medical malpractice, is F.S. 95.11(6), which provides for a period of two years. The cause of action accrues and the statute commences *242 to run on the date of such death. (See 9A Fla.Jur., Limitations of Action, Sec. 26; annotation in 97 ALR 2d 1151; and annotation in 80 ALR 2d 320) The same statute (and same time period) is applicable to actions to recover damages for injuries to the person arising from medical malpractice. However, in injury cases (which are not cases arising on account of wrongful death) the cause of action does not accrue until the plaintiff discovers, or through use of reasonable care should have discovered, the injury. (F.S. 95.11(6))
The affirmative defense of the expiration of a statute of limitations is not waived, nor is a defendant estopped from asserting same, merely by an accused or his attorney knowing that a claimant is anticipating suit nor by mere negotiations between the parties. An accused (potential defendant) is under no duty to remind a claimant that the statute of limitations is running. There may, of course, be situations in which such an accused may be held to have waived, or to be estopped from asserting, such defense: For instance, should it be made to appear that the claimant delayed commencement of suit as a result of representations by the defendant that the claim would be settled or that an agreed settlement would be paid on some reasonable future contingency, or by recognition of validity of the claim and a promise to pay it. Fraud, misrepresentations and actual waivers (express or implied) may also render inapplicable a statute of limitations.
Appellant having failed to demonstrate error, the judgment on the pleadings here appealed is
Affirmed.
MILLS, J., and TENCH, BENJAMIN M., Associate Judge, concur.