424 So.2d 846 (1982)
CITY OF BROOKSVILLE, Florida, Etc., Appellant,
v.
HERNANDO COUNTY, etc., et al., Appellees.
No. 82-387.
District Court of Appeal of Florida, Fifth District.
December 1, 1982.
Rehearing Denied January 10, 1983.
*847 Daniel B. Merritt, Sr., of Merritt, High, Underwood & Eppley, P.A., Brooksville, for appellant.
Frank McClung, Brooksville, for appellees.
PER CURIAM.
This case involves a partial summary judgment finding that a statute of limitations was tolled by continuing settlement negotiations between the parties. Also presented is the question of whether the trial court can consider on motion for summary judgment testimony and documents entered as evidence in a prior trial in the cause.
Appellees Weekses, as lessors, leased property to appellant City of Brooksville, Florida, as lessee, for five years. In the written lease the lessee agreed "to quit and deliver up said premises in its entirety at the end of said term in a condition consistent with good and proper management and use of land as a sanitary land fill."
In January, 1980, the lessors sued the lessee, alleging that at the expiration of the lease on December 19, 1972, the premises were delivered in a condition that breached the lessee's agreement; that the lessee had repeatedly agreed to restore the leased land to its proper condition and had intermittently performed remedial work on the land from December, 1972, to and including December, 1979; and that these actions "caused Plaintiffs to believe the Defendant was in fact complying with the terms of the lease and inducing Plaintiffs to forego filing suit from December 19, 1972, until January, 1980." The lessee's answer asserted the affirmative defense of the statute of limitations.[1] The case went to trial and testimony was taken during the plaintiffs' case, but before any evidence was presented by the defendant a mistrial was declared. Later, the trial court granted a partial summary judgment in favor of the lessors finding (1) that "plaintiffs' defense of statute of limitations under Florida Statute 95.11 is *848 tolled by the continuing negotiations regarding settlement between the parties" and (2) that the lessee was liable to the lessors based on "the testimony at the trial on December 9, 1981, documents and correspondence admitted into evidence and the pleadings and depositions on file."
While continuing negotiations regarding settlement do not "toll" the running of a statute of limitations, such negotiations, if infected with an element of deception, may create an estoppel.[2]North v. Culmer, 193 So.2d 701 (Fla. 4th DCA 1967). This is true even subsequent to the 1975 enactment of subsection (2) of section 95.051, which states that "no disability or other reason shall toll the running of any statute of limitations except those specified in this section... ." See Salcedo v. Association Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979). The rationale underlying the invocation of such an estoppel was articulated by Justice Holmes in New York Central & Hudson River Railroad Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294 (1922):
When a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of the opinion that a liberal rule should be applied.
Brooksville's answer raised the affirmative defense of the statute of limitations. Florida Rule of Civil Procedure 1.100(a) provides as follows:
If an answer ... contains an affirmative defense and the opposing party seeks to avoid it, he shall file a reply containing the avoidance.
Estoppel was not properly raised here. No reply was filed by the Weekses in this case. Since estoppel is an avoidance which was not pleaded by the Weekses, the issue of the city's estoppel to assert the applicable statute of limitations was not an issue properly before the trial court based on the pleadings at that time.
On the second point, Florida Rule of Civil Procedure 1.510(c) provides:
Motion and Proceedings Thereon. The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall be served at least twenty days before the time fixed for the hearing. The adverse party may serve opposing affidavits prior to the day of hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
The partial summary judgment entered by the trial court clearly is not in conformity with this rule. The motion itself was based solely on unrecorded testimony and evidence received at the trial and failed to state "the substantial matters of law to be argued."[3]
*849 If a former trial has been transcribed and the transcription is filed in the court case file or is attached to the motion for summary judgment, the transcript could be considered the functional equivalent of a deposition and could thus be considered. However, there is no record here showing that the trial proceedings referred to by the trial court as part of the basis for the partial summary judgment were transcribed. Appellee cites Hall v. Davis, 106 So.2d 599 (Fla. 1st DCA 1958), where both parties agreed for the court to consider on summary judgment evidence presented in an oral proceeding before the trial judge. In the instant case there is no showing that appellant agreed that the evidence presented at trial could be considered by the court in entering the partial summary judgment. Therefore, the trial court erred in considering matters outside the scope of Florida Rule of Civil Procedure 1.510(c) in entering the partial summary judgment.
The partial summary judgment is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
COBB, FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.
NOTES
[1] Section 95.11(2)(b), Florida Statutes (1979), provides that "a legal or equitable action on a contract, obligation, or liability founded on a instrument in writing" must be commenced within five years from the accrual of the cause of action.
[2] affirmative defense of the expiration of the statute of limitations is not waived, nor is a defendant estopped from asserting same, merely by an accused or his attorney not knowing that a claimant is anticipating suit nor by mere negotiations between the parties. An accused (potential defendant) is under no duty to remind a claimant that the statute of limitations is running. There may, of course, be situations in which such an accused may be held to have waived, or to be estopped from asserting, such defense: For instance, should it be made to appear that the claimant delayed commencement of suit as a result of representations by the defendant that the claim would be settled or that an agreed settlement would be paid on some reasonable future contingency, or by recognition of validity of the claim and a promise to pay it. Fraud, misrepresentations and actual waivers (express or implied) may also render inapplicable a statute of limitations.
Fletcher v. Dozier, 314 So.2d 241, 242 (Fla. 1st DCA 1975).
[3] The motion reads:

COME NOW the Plaintiffs, WILLIAM HOWARD WEEKS and ICILDA M. WEEKS, his wife, by and through their undersigned attorney, and pursuant to Florida Rule of Civil Procedure, move that this Court enter a Partial Summary Judgment against the Defendant, CITY OF BROOKSVILLE, as to liability only and in support thereof states the following:
1. The undisputed testimony of the former Mayor and City Commissioner Ed Ragan, City Engineer Gene Manuel, and all other witnesses, and the documents and correspondence which were admitted and received into evidence show that there is no genuine issue as to any material fact on the issue of liability alone of the Defendant, CITY OF BROOKSVILLE, in that the same evidence shows conclusively that the Defendant, CITY OF BROOKSVILLE, was in breach of the lease agreement executed in this cause in December, 1967, between the parties hereto.