556 So.2d 1237 (1990)
David BLIZZARD, a Minor, by and through His Father and Natural Guardian, Johnny Blizzard and Johnny Blizzard, Individually, Appellants,
v.
W.H. ROOF CO., INC., a Florida Corporation, Appellee.
No. 89-573.
District Court of Appeal of Florida, Fifth District.
February 22, 1990.
R. Lee Dorough of Whitaker, Dorough & Whitaker, Orlando, for appellants.
Arturo Borbolla and Sharon L. Stedman of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, A Professional Ass'n, Orlando, for appellee.
COBB, Judge.
The issue on appeal is the constitutionality of sections 95.11(5)(d) and 631.68, Florida Statutes (1987), insofar as the one-year limitation contained therein operates to shorten the four-year statute of limitations for a negligence action against an insured whose insurer has become insolvent.
*1238 Section 95.11(5)(d) provides for a one-year limitation period for an action against any guaranty association and its insured, with the period running from the date of the deadline for filing claims in the order of liquidation. Section 631.68 provides that a claim covered by Florida Insurance Guaranty Association (FIGA), in regard to which no suit is instituted within one year after the deadline for filing claims with the receiver of an insolvent insurer, is barred as a claim against the association and the insured.
The negligence action filed below by the appellant David Blizzard was barred by the foregoing statutes, although filed within four years of the incident allegedly caused by the insured tortfeasor, whose insurer (Iowa National Insurance Company) became insolvent. It appears the policy limit was $300,000.00, and it is conceded by appellant that his claim does not exceed that amount. The trial court entered summary judgment for the insured tortfeasor, thereby upholding the constitutionality of the statutes against claims that they deny equal access to the courts and equal protection of the law, and also constitute an improper delegation of legislative authority. We affirm.
Blizzard first contends that the statutes in question violate Article I, section 21, of the Florida Constitution, in that access to the courts has been denied to those plaintiffs who sue defendants whose insurance carrier has become insolvent. The appellee, W.H. Roof Co., maintains that in order for the Florida Constitution to be violated the statutes in question must operate as an "absolute bar" to bringing a previously existing cause of action; where statutes only shorten the time period in which any action may be brought, the Florida Constitution is not violated.
We agree that under Florida law there is no constitutional violation where a statute merely shortens the time period during which an action may be brought, as opposed to a statute which operates as an absolute bar to bringing an action. Universal Engineering Corp. v. Perez, 451 So.2d 463 (Fla. 1984); Queen v. Clearwater Electric, Inc., 555 So.2d 1262, 1266 (Fla. 2d DCA 1989); Jetton v. Jacksonville Electric Authority, 399 So.2d 396, 398 (Fla. 1st DCA), review denied, 411 So.2d 383 (Fla. 1981). See also Fernandez v. Florida Insurance Guaranty Association, Inc., 383 So.2d 974, 976 (Fla. 3d DCA), review denied, 389 So.2d 1109 (Fla. 1980). In the instant case, sections 95.11(5)(d) and 631.68 represent a reasonable restriction on Blizzard's rights pursuant to article I, section 21, of the Florida Constitution.
Blizzard also contends that under the equal protection clause of the Florida Constitution there cannot be a subclass which is treated differently than members of the class as a whole. He argues that if a defendant's insurer is insolvent, the challenged statutes create a new and different statute of limitations for the insured and the insurer merely because of the identity of the insurer. He claims that it is basically unfair to grant a benefit to a state created association (FIGA) which also runs to the insured tortfeasor. On the other hand, Roof argues that the mere creation of a subclass of plaintiffs does not constitute a violation of equal protection as long as a rational relationship exists between the created class or subclass and the purpose of the legislation.
In the instant case, the legislation has a reasonable (rational) relationship to the stated purpose of avoiding financial loss to claimants or policyholders because of the insolvency of the insurer. Without belaboring the point, section 631.67 requires that FIGA defend the policyholder where the insolvent insurer had an obligation to defend. In this light, the legislation is reasonably related to the stated purpose of protecting the policyholder from financial loss, i.e., from having to defend the action without help from the insurer. Since FIGA may have to defend an action brought against the insured/policyholder, the state has the right to limit the time frame for bringing such an action. See Montano v. Florida Insurance Guaranty Association, 535 So.2d 658 (Fla. 3d DCA 1988), appeal dismissed, 542 So.2d 989 (Fla. 1989).
We also find no merit in Blizzard's final argument. He contends the legislature has improperly allowed an agency *1239 (FIGA as receiver) to declare what the law is or has allowed the agency unrestricted discretion in applying the law. Art. II, § 3, Fla. Const. He argues that section 631.181 allows the applicable statute of limitations to be set by a receiver instead of the legislature. Roof maintains that the statutes in question do not constitute an unlawful delegation because they contain sufficient guidelines regarding the time frame in which claims must be filed and, thus, there is no unrestricted discretion in applying the law.
Section 631.181(3) states:
After the entry of the order of liquidation, regardless of any prior notice that may have been given to creditors, the receiver shall notify all persons who may have claims against the insurer that they must file such claims with it at a place and within the time specified in the notice, or else such claims will be forever barred. The time specified in the notice shall be as fixed by the court for filing of claims and shall be not less than six months after the entry of the order of insolvency. The notice shall be given in such manner and for such reasonable period of time as may be ordered by the court.
It is clear that the "court" fixes the time for filing of claims and that, in any event, the time cannot be fixed less than six months after the entry of the order of insolvency. The Supreme Court of Florida has stated:
Under this doctrine fundamental and private policy decisions shall be made by members of the legislature who are elected to perform those tasks, and administration of legislative programs must be pursuant to some minimal standards and guidelines ascertainable by reference to the enactment establishing the program. (Emphasis supplied.)
In re Advisory Opinion to the Governor, 509 So.2d 292, 311 (Fla. 1987); Askew v. Cross Key Waterways, 372 So.2d 913, 925 (Fla. 1978). In the instant case, the legislature has provided "minimal standards" which preclude any "whim, favoritism, or unbridled discretion."
We agree with the reasoning in Queen, wherein it was held that the statutes herein challenged are constitutional and bar claims beyond the one-year period against both FIGA and the insured to the extent of the insolvent insurer's coverage. Since we are not confronted with a claim in excess of the policy in this case, there is no need, at this time, for us to reach the determination that was reached in Queen, i.e., that the statutes in question do not restrict a plaintiff's claim for damages against insureds over and above the covered claim amount.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.