573 So.2d 334 (1991)
David BLIZZARD, Etc., et al., Petitioners,
v.
W.H. ROOF CO., INC., Etc., Respondent.
No. 75772.
Supreme Court of Florida.
January 10, 1991.
R. Lee Dorough of Whitaker, Dorough, Whitaker & Wren, Orlando, for petitioners.
Sharon Lee Stedman and J. Scott Kirk of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Weschler, Orlando, for respondent.
McDONALD, Justice.
We review Blizzard v. W.H. Roof Co., 556 So.2d 1237 (Fla. 5th DCA 1990), because the district court ruled on the constitutionality of sections 95.11(5)(d) and 631.68, Florida Statutes (1987), insofar as the one-year limitation contained therein operates to shorten the four-year statute of limitations for a negligence action against an insured whose insurer has become insolvent. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We find the statutes constitutional and approve Blizzard.
The shortened limitation statutes are part of the legislature's effort to protect both injured parties and previously insured persons when an insurance company becomes insolvent. In creating the Florida Insurance Guaranty Association (FIGA), the legislature sought to assure a mechanism whereby injured parties could collect funds otherwise owed by an insurance carrier.[1] It also safeguarded those who had sought to protect themselves by purchasing insurance policies. To effectuate its intentions, the legislature found it necessary to limit the time for filing claims. In 1983 the legislature added the phrase "and the insured" to section 631.68, thereby extending the one-year time limit to actions against insureds and added subsection 95.11(5)(d) to the statutes. Ch. 83-38, §§ 33, 34, Laws of Fla.
Even though legislation may be wise or warranted, it must still pass constitutional muster. Blizzard raised several constitutional challenges, each of which is addressed in the opinion under review. Because we find the district court's analysis correct and adequately comprehensive, we feel it unnecessary to restate and discuss it here. Instead, we adopt the opinion under review as our own.[2]
*335 We declare sections 95.11(5)(d) and 631.68, Florida Statutes (1987), constitutional and approve the decision under review, which affirmed the summary judgment entered for W.H. Roof Co.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES and KOGAN, JJ., and EHRLICH, Senior Justice, concur.
NOTES
[1] We found the statute creating FIGA constitutional in O'Malley v. Florida Ins. Guar. Ass'n, 257 So.2d 9 (Fla. 1971).
[2] Included in the district court's opinion is a reference to Queen v. Clearwater Electric, Inc., 555 So.2d 1262 (Fla. 2d DCA 1989), wherein the second district upheld the time limitations of the statute, but also ruled that the statute would be inapplicable to claims above the policy limits. Whether such an excess claim can be filed beyond the time limits is not an issue in this case and has not been argued. Although the reasoning of Queen appears to be sound, because it was not argued before us or the district court of appeal, we deem it inappropriate to approve or disapprove that part of Queen which excludes claims above the policy limits from operation of the statute.