## DUVALL v WHITE and NOZZLE NOLEN, INC.
### Case No. CL-91-2077-AD
Fifteenth Judicial Circuit, Palm Beach County

August 5, 1991

## OPINION OF THE COURT

ROBERT M. GROSS, Circuit Judge.

### ORDER ON DEFENDANT NOZZLE NOLEN, INC.'S MOTION FOR·SUMMARY JUDGMENT

This case came before the Court on July 18, 1991 on Defendant Nozzle Nolen, Inc.'s motion for summary judgment. Plaintiff and Defendant appeared through counsel. The Court has considered the attorney's arguments and reviewed their pleadings and memoranda. Based on the pleadings, affidavits and filed depositions, the Court finds facts to be undisputed and draws conclusions of law as follows:

1. On February 21, 1991, Plaintiff filed this suit against Defendant, Nozzle Nolen, Inc. seeking damages arising out of an automobile accident which occurred in March, 1988.

2. At the time of the accident, Defendant was insured with a policy of insurance issued by Stone Mountain Insurance Company. By a February 7, 1989 court order, Stone Mountain Insurance Company was declared insolvent. The State of Florida Department of Insurance was appointed ancillary receiver. Paragraph 13 of the order required the Department of Insurance to coordinate the operation of the ancillary receivership with the Florida Insurance Guaranty Association (FIGA) pursuant to Part II of Chapter 631, Florida Statutes.

3. The February 7, 1989 court order required that all claims had to be filed with the ancillary receiver (FIGA) on or before February 3, 1990 or be forever barred.

4. Under section 631.68, Florida Statutes (1989) Plaintiff's deadline for instituting suit against Defendant, Nozzle Nolen, Inc. was February 3, 1991.

5. Section 95.11(5)(d) sets forth a one year statute of limitations with respect to "an action against any Guaranty Association and its insured, with a period running from the date of the deadline for filing claims in the Order of Liquidation." Under section 95.11(5)(d), Plaintiff's deadline for instituting suit against Defendant in FIGA was February 3, 1991.*

6. Plaintiff had actual notice of the deadline for instituting the suit. On July 25, 1989, FIGA claims examiner Ralph Rhodes wrote to Plaintiff's attorneys and advised them as follows:

> Under Florida Statute 631.68, the deadline for effecting settlement or instituting suit against the insured of an insolvent insurer or the Association is within one year after the deadline for filing claim, or any extension thereof, with the Receiver of the insolvent insurer. The Receiver's deadline is February 3, 1990.

> No claim will be considered by the Florida Insurance Guaranty Association after February 3, 1991.

7. By an Amended Reply, Plaintiff seeks to avoid the affirmative defense of statute of limitations on three grounds. Paragraph 3 contends that the fact that Defendant was on notice of the claim prior to the statutory deadline precludes it from raising the statute of limitations defense. A potential defendant's knowledge of a claim prior to the expiration of a statute of limitations is not a sufficient basis for the plaintiff's avoidance of the statute. *See, e.g., Fletcher v Dozier,* 314 So. 2d 241 (Fla. 1st DCA 1975). Defendant is therefore entitled to

---

* The shortened statute of limitations for FIGA claims is constitutional. *Blizzard v W.H. Roof Co., Inc.,* 556 So. 2d 1237 (Fla. 5th DCA 1990).

summary judgment on the issue raised in paragraph 3 of the amended reply.

8. Paragraph 2 of the Amended Reply raises estoppel as a bar to the application of the statute of limitations. An estoppel may preclude a party from raising the statute of limitations. *E.g., North v Culmer,* 193 So. 2d 701, 704 (Fla. 4th DCA 1967), overruled, in part, *Rinker Materials Corp. v Palmer First National Bank,* 361 So. 2d 156 (Fla. 1978). To prove an estoppel, a party must establish fraud, misrepresentation, or other affirmative deception. *Rinker Materials Corp. v Palmer First National Bank,* 361 So. 2d 156, 159 (Fla. 1978). As applied to this case, the essential elements of an estoppel under *Rinker,* are the following: (1) conduct which amounts to a false representation or concealment of material facts; (2) the intention or expectation that such conduct shall be acted upon by, or influence, Plaintiff; (3) actual or constructive knowledge of the real facts; (4) Plaintiff's belief in the facts as represented; (5) Plaintiff's good faith reliance upon the conduct or statements of Defendant's adjuster and (6) Plaintiff's inaction to his injury, detriment or prejudice. *Rinker* involved an estoppel as the basis for bringing a law suit. In *In Re: Estate of Peterson,* 433 So. 2d 1358, 1359 (Fla. 4th DCA 1983), the Fourth District made the principles of *Rinker* applicable to an estoppel seeking to avoid a statute of limitations. Considering all the evidence submitted in a light most favorable to the Plaintiff, the Court finds that the conduct of FIGA's adjuster in the handling of this claim did not rise to the level of fraud, misrepresentation, or affirmative deception necessary to prove an estoppel under *Rinker. See, Schlakman v Burger King, Inc.,* 432 So. 2d 724 (Fla. 3rd DCA 1983). On Plaintiff's claim of an estoppel, Defendant's motion for summary judgment is granted.

9. Plaintiff's third defense against the statute of limitations is waiver. Although waiver is a legal concept distinct from estoppel, the two are frequently confused. *Thomas N. Carlton Estate v Keller,* 52 So. 2d 131, 132-33 (Fla. 1951); 22 Fla. Jur. 2nd "Estoppel and Waiver" §§ 28, 86 (1980). Certain cases indicate that waiver is a defense to a statute of limitations claim, separate from an estoppel. After giving examples of estoppel, the Court in *Fletcher v Dozier,* 314 So. 2d 241, 242 (Fla. 1st DCA 1975) stated as follows:

Fraud, misrepresentations and actual waivers (express or implied) may also render inapplicable a statute of limitations. The Fifth District approvingly quoted this language in *City of Brooksville v Hernando County,* 424 So. 2d 846, 848, n. 2 (Fla. 5th DCA 1982).

**173**

There was no express waiver by Defendant in this case. The only remaining issue is whether any set of facts would support a claim of implied waiver. A waiver is an intentional relinquishment of a known right. *E.g., Thomas N. Carlton Estate v Keller, supra,* 52 So. 2d at 133. A waiver may be implied or "inferred from conduct or acts putting one off his guard and leading him to believe that a right has been waived." *Rader v Prather,* 130 So. 15, 17 (Fla. 1930); *Arbogast v Bryan,* 393 So. 2d 606, 608 (Fla. 4th DCA 1981). The essential elements of waiver are (1) the existence at the time of the waiver of a right, privilege, advantage, or benefit which may be waived; (2) the actual or constructive knowledge of the right; and (3) the intention to relinquish the right. *Taylor v Kenco Chemical & Mfg. Corp.,* 465 So. 2d 581, 587 (Fla. 1st DCA 1985). Where a waiver is to be implied from conduct, the "conduct relied upon to do so must make out a clear case of waiver." *American Somax Ventures v Touma,* 547 So. 2d 1266, 1268 (Fla. 4th DCA 1989). As distinct from estoppel, a waiver may arise in the absence of fraudulent or affirmatively deceptive conduct. An implied waiver is usually a question of fact for the fact finder. *See, Davis v Davis,* 123 So. 2d 377, 381 (Fla. 1st DCA 1960). For the purpose of this motion, Plaintiff is entitled to the benefit of inferences in his favor supporting his claim of waiver. Because relevant factual issues remain on the issue of an implied waiver,* Defendant's motion for summary judgment on that issue is denied. *Kerber v Chadan, Inc.,* 364 So. 2d 1264 (Fla. 4th DCA 1979). Based on the foregoing, it is

ORDERED AND ADJUDGED as follows:

1. Defendant's motion for summary judgment on the issues of estoppel and "knowledge of the claim" is granted.

2. Defendant's motion for summary judgment on the issue of implied waiver is denied.

3. The issue of the implied waiver will be severed from the liability and damages aspects of this case for trial. Fla. R. Civ. P. 1.270(b).

4. Upon the request of either party, trial of the waiver issue will be advanced on the Court's trial calendar.

---

* At page 34 of William Straw's deposition, he states:

I relied upon the representations of Ms. Davis as to her involvement in the negotiations of this case, while we were negotiating it that several other factors were necessary in settling this case, and that in order to avoid Mr. Duvall going through that process which she was well aware of *and even made comment on several times as far as litigation was concerned,* that pending several other pieces of information that the case would have been resolved. (Emphasis supplied).

5. At trial on the waiver issue, the Court intends to instruct the jury as follows:

Florida law required Mr. Duvall to file his lawsuit by February 3, 1991. The issue in this case is whether the conduct of Amy Davis amounted to an implied waiver of that requirement. To establish an implied waiver, Mr. Duvall must prove by the greater weight of the evidence that Ms. Davis pursued a course of conduct which clearly demonstrated her intention to waive the requirement that suit be filed by February 3, 1991. For a waiver to be implied, Mr. Duvall's representatives must have been induced by Ms. Davis' conduct to act upon the belief that there had been a waiver.

DONE AND ORDERED in West Palm Beach, Florida this 5th day of August, 1991.