POLEN, Judge.
The appellant, Madelyn Miller, was injured in an automobile accident which occurred on March 20, 1984, as she was a passenger in a car owned by Greyhound Rent-A-Car and/or Value Rent-A-Car (Value). When the appellant applied to Value for PIP benefits, she was informed that Ideal Mutual Insurance Company, Value’s insurance carrier, had become insolvent and that the Florida Insurance Guaranty Association (FIGA) was handling all applicable claims.
Pursuant to section 631.181(3), Florida Statutes (1985), FIGA served notice of the deadline for the filing of claims against Ideal Mutual by publication. The deadline of February 7, 1986, was published by FIGA in the Florida Bar Journal and The Florida Administrative Weekly, as set forth in the Order Appointing Ancillary Receiver For Purposes Of Liquidation. Thus, the statute of limitations ran one year after the published deadline under sections 95.11(5)(d), and 631.68, Florida Statutes (1987).
The appellant filed her complaint against Value on March 8, 1988, long after the statute of limitations had run. The trial court entered final summary judgment in favor of Value, and the appellant appealed to this court, arguing that section 631.-181(3), Florida Statutes (1985), which allows service by publication, is unconstitutional because it deprives ascertainable plaintiffs of due process of law. We do not agree and we therefore affirm.
There was no evidence that the appellant did not have knowledge of the order which set the deadline for the filing of claims. The appellant did in fact have actual knowledge of Ideal Mutual’s insolvency, and she was in contact with FIGA before the statute of limitations expired. The matter of whether notice by publication is sufficient under such circumstances has been decided in Montano v. Florida Insurance Guaranty Association, 535 So.2d 658 (Fla. 3d DCA 1988), and we agree with the opinion of the third district in that case. There was no violation of the appellant’s due process rights.
We also note that the Florida Supreme Court has specifically upheld the constitutionality of sections 95.11(5)(d) and 631.68, Florida Statutes (1987), which provide that the statute of limitations is limited to one year from the deadline for filing claims against insolvent insurance carriers as specified in the order of liquidation. Blizzard v. W.H. Roof Co., Inc., 573 So.2d 334 (Fla.1991).
We therefore affirm the final summary judgment in the case at bar, without prejudice to the appellant’s pending nonfinal appeal of the order denying her motion for relief from the judgment.
GLICKSTEIN, C.J., and GARRETT, J., concur.