647 So.2d 275 (1994)
W. Russell SNYDER, W. Russell Snyder, P.A., and Snyder, Groner & Schieb, a Florida General Partnership, and Florida Insurance Guaranty Association, Petitioners,
v.
Lawrence H. DOUGLAS, Auro Arindam a/k/a Russell B. Douglas, Jr., Russell B. Douglas, III, and Heather Douglas, Respondents.
No. 94-03058.
District Court of Appeal of Florida, Second District.
December 9, 1994.
*276 John P. Joy of Walton, Lantaff, Schroeder & Carson, Miami, for petitioners.
Daniel Joy of Joy & Moran, Sarasota, for respondents.
LAZZARA, Judge.
The petitioners, led by the Florida Insurance Guaranty Association (FIGA), invoke our certiorari jurisdiction to review an order denying an amended motion for entry of stay sought in part under the automatic six-month stay provision of section 631.67, Florida Statutes (1993). In denying the motion, the trial court determined that this portion of the statute contravened the provisions of article I, section 21, of the Florida Constitution, which guarantees a citizen free access to the courts of this state for redress of injury without unreasonable delay or restriction. We conclude that the trial court deviated from the essential requirements of the law in declaring this automatic stay provision unconstitutional and, under the peculiar circumstances of this case, has thereby caused material injury to the petitioners throughout the subsequent proceedings below, effectively leaving no adequate remedy on direct appeal. Accordingly, we grant certiorari, determine that this part of the statute is constitutional, quash the order under review, and remand for further proceedings.
Manatee Insurance Company, formerly Rumger Insurance Company (Manatee), provided legal malpractice insurance coverage to petitioners W. Russell Snyder, W. Russell Snyder, P.A., and Snyder, Groner, and Schieb, a Florida general partnership. In June of 1993, the circuit court in Leon County entered a consent order under the provisions of the Insurers Rehabilitation and Liquidation Act[1] appointing the Department of Insurance (Department) as the receiver of Manatee for the purpose of financially rehabilitating the company. In May of 1994, the court entered another uncontested order in which it determined that further efforts at rehabilitation were useless. Thus, the court declared Manatee to be insolvent and appointed the Department as the receiver for the purpose of liquidating the company.
The day before the entry of the liquidation order, the respondents filed a legal malpractice claim against petitioner Snyder, his professional association, and his general partnership in the circuit court of Sarasota County. Shortly thereafter, FIGA, acting under the authority of the Florida Insurance Guaranty Association Act (FIGA Act),[2] sought a formal order acknowledging an automatic *277 stay of this proceeding for six months. FIGA relied in part on the provision of section 631.67 which provides in pertinent part[3] that:
All proceedings in which the insolvent insurer . .. is obligated to defend a party in any court ... in this state shall be stayed for 6 months, or such additional period from the date the insolvency is adjudicated, by a court of competent jurisdiction to permit proper defense by the association of all pending causes of action as to any covered claims. (Emphasis added.)[4]
At the hearing on the motion, FIGA stipulated that the claims alleged in respondents' complaint fell within the coverage provisions of Manatee's insurance policy. It also argued that the stay was automatic and not a matter of discretion.[5] The respondents vigorously opposed the motion, however, contending in part that this provision of the statute violated article I, section 21, of the Florida Constitution.[6]
In its order denying the stay, the trial court agreed with the respondents' argument that the legislature did not have the authority to delay them from pursuing their claims simply because the defendants they were suing were "insured by an insurer which became insolvent during the time that a claim was made by the insured." It thus concluded that this part of the statute "contravenes Article I, § 21, of the Florida Constitution as impermissibly delaying Plaintiffs [sic] access to the Courts of this State to pursue their claims against these Defendants." We respectfully disagree with this conclusion.
In Blizzard v. W.H. Roof Co., 573 So.2d 334 (Fla. 1991), one of the issues confronted by the court was whether section 631.68, Florida Statutes (1987), which provides for a shortened statute of limitations in bringing claims under the FIGA Act, violated the access to the courts provision of article I, section 21, of the Florida Constitution. In finding no constitutional impediment, the court observed that:
In creating the Florida Insurance Guaranty Association (FIGA), the legislature sought to assure a mechanism whereby injured parties could collect funds otherwise owed by an insurance carrier. It also safeguarded those who had sought to protect themselves by purchasing insurance policies. To effectuate its intentions, the legislature found it necessary to limit the time for filing claims.
573 So.2d 334 (footnote omitted).
Measured against this standard, we conclude that the mandatory six-month stay provision of section 631.67, Florida Statutes (1993), passes constitutional muster. Under the statute, FIGA has the responsibility of defending an insured where the insolvent insurer has a duty to defend, as in this case. Thus, just as the legislature has the right to shorten the time frame for instituting a claim under the FIGA Act, so too, it has the concomitant right to impose, for a reasonable period of time, a self-executing stay of court proceedings in which the insolvent insurer *278 has a duty to defend in order to provide FIGA an adequate and meaningful opportunity to investigate, evaluate, and properly defend the pending claim. Without such a stay, FIGA's ability to fulfill its statutory responsibility could be seriously impaired from the outset, especially when it is immediately confronted with having to defend multiple claims involving an insolvent insurer which may be pending throughout the many circuit courts of this state.
We also conclude that such a stay promotes one of the purposes of the FIGA Act which is to "[p]rovide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer." § 631.51(1); see also O'Malley v. Florida Ins. Guar. Ass'n, Inc., 257 So.2d 9, 12 (Fla. 1971) ("[T]he dominant purpose of [the FIGA Act] is to avoid delay and to settle as soon as possible claims of insolvent insurers which are ripe for payment."). Thus, through a brief respite from the continued prosecution of a claim in a court proceeding, FIGA will be in a better position to properly evaluate the claim and decide whether it should be settled without further delay, thereby avoiding continued financial loss to the claimant and the insured of the insolvent insurer.
We conclude, therefore, that the six-month stay period mandated by section 631.67 represents a reasonable restriction on respondents' access to the courts. See Bystrom v. Diaz, 514 So.2d 1072 (Fla. 1987). Accordingly, the trial court erred in declaring this stay provision unconstitutional and in denying FIGA its statutory right to such a stay.
In determining to grant certiorari in this case, we have not overlooked our supreme court's admonition that:
A non-final order for which no appeal is provided by Rule 9.130 is reviewable by petition for certiorari only in limited circumstances. The order must depart from the essential requirements of law and thus cause material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal.
Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. 1987). We conclude that this case falls within the limited class of cases requiring early intervention by certiorari for the following reasons.
First, the trial court's ruling effectively deprived FIGA of a constitutionally permitted legislative benefit enacted for the purpose of promoting the legislature's goal of protecting the financial well-being of citizens of this state when certain types of insurance companies become insolvent. See Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986), review denied, 511 So.2d 299 (Fla. 1987). Second, contrary to the legislature's clear and unequivocal intent, the effect of this ruling was to place FIGA in the untenable position of not being able to mount an adequate defense on behalf of the other petitioners, who were the insureds of the insolvent insurer Manatee. See Manor Care of Dunedin, Inc. v. Keiser, 611 So.2d 1305, 1306 n. 2 (Fla. 2d DCA 1992). Third, this case presents an issue of first impression with the potential for statewide significance in the critically important area of protecting the rights of individuals adversely affected by the insolvency of an insurance carrier. See Id.
Finally, and most importantly, the trial court's order has caused continuing material injury to petitioners and has effectively left them with no adequate remedy on direct appeal from any final judgment that the respondents may obtain below. As in Pearlstein, if the respondents do obtain a judgment, and the proceedings leading up to the judgment are deemed fundamentally sound on direct appeal, there is a likelihood that the judgment would be affirmed even though FIGA was denied its right to the statutorily mandated six-month stay. Thus, as in Pearlstein, we conclude that in order "for petitioners to receive the benefits conferred upon them (and, in the estimation of the legislature, upon the citizens of Florida) by the statute, it is necessary and appropriate for us to intervene at this juncture." 500 So.2d at 587.
The petitioners are also seeking relief from us in the form of "a stay beyond the six *279 month [sic] period originally requested to compensate for the time period in which the stay has been lifted." We decline to grant this relief because on certiorari an appellate court can only deny the writ or quash the order under review. It has no authority to take any action resulting in the entry of a judgment or order on the merits or to direct that any particular judgment or order be entered. Tamiami Trail Tours, Inc. v. Railroad Comm'n, 128 Fla. 25, 174 So. 451 (1937) (on rehearing). We note, however, the following language of Tamiami:
When the order is quashed, as it was in this case, it leaves the subject matter, that is, the controversy pending before the tribunal, commission or administrative authority, as if no order or judgment had been entered and the parties stand upon the pleadings and proof as it existed when the order was made with the rights of all parties to proceed further as they may be advised to protect or obtain the enjoyment of their rights under the law in the same manner and to the same extent which they might have proceeded had the order reviewed not been entered.
128 Fla. at 31-32, 174 So. at 454; see also State v. Florida East Coast Ry. Co., 176 So.2d 514, 515 (Fla. 1st DCA 1965) (affirming judgment that portion of rate-fixing order previously quashed by Florida Supreme Court on certiorari was "void and in the same status as if the portion quashed had never been entered."). On remand, therefore, FIGA will have the opportunity, if it so chooses, to invoke its rights under the mandatory six-month stay provision of section 631.67 "in the same manner and to the same extent" as if the order quashed had never been entered.
Given the potential statewide significance of this case, we deem it appropriate to make the following observation in the event that FIGA chooses to invoke that part of the statute which provides "that such stay may be extended for a period of time greater than 6 months upon proper application to a court of competent jurisdiction." (Emphasis added.) Based on the legislature's use of the word "may" in this part of the statute, as contrasted with its use of the word "shall" in that part of the statute granting the automatic six-month stay, we conclude that the granting of any extension beyond the statutorily mandated six-month stay would be subject to the discretion of the trial court. See Price v. Hernando Beach, Inc., 286 So.2d 279 (Fla. 2d DCA 1973); Fixel v. Clevenger, 285 So.2d 687 (Fla. 3d DCA 1973).
Accordingly, the petition for writ of certiorari is granted, the order under review is quashed, and this case is remanded to the trial court for further proceedings consistent with this opinion.
Certiorari granted, order quashed, and case remanded for further proceedings.
PARKER, A.C.J., and PATTERSON, J., concur.
NOTES
[1] §§ 631.001-631.399, Fla. Stat. (1993).
[2] §§ 631.50-631.705, Fla. Stat. (1993).
[3] Another provision of this statute gives FIGA the right, either on its own behalf or on behalf of an insured, to move for the setting aside of a judgment entered on the basis that the insolvent insurer defaulted or failed to defend the insured. After the judgment is set aside, FIGA is then permitted to defend the claim on the merits. The constitutionality of this aspect of the statute is not before us.
[4] FIGA also alleged that such a stay was appropriate under section 631.041. The trial court concluded, however, that FIGA waived its right to rely on this statutory provision as a basis for a stay because it failed to argue it at the hearing. Petitioners do not contest this ruling.
[5] FIGA was correct in this assertion. Chapter 80-26, at 85, Laws of Florida, amended section 631.67 to its present form. The title to this enacting legislation reads in part as follows: "[a]n act relating to insurance ... amending s. 631.67, Florida Statutes, altering the length of mandatory stays of certain proceedings." (Emphasis added.) Thus, the title clearly indicates the legislature's intent that such a stay is mandatory in nature. See Parker v. State, 406 So.2d 1089 (Fla. 1981) (title of enacting legislation is one indicator of legislative intent).
[6] We reject one of the respondents' contentions that the June 1993 order declared Manatee insolvent. Thus, the commencement of the stay under the statute must be calculated from the date of the May 1994 order of liquidation and not the date of the June 1993 order of rehabilitation.