667 So.2d 334 (1995)
JIMMY LANG's AUTO SERVICE and First Alliance Insurance Co., Appellants,
v.
Danny L. PROCTOR, Appellee.
No. 95-1426.
District Court of Appeal of Florida, First District.
October 24, 1995.
Daniel J. Sullivan, Miami, for appellants.
Daniel L. Hightower, Ocala, for appellee.
James M. Hess of Langston, Hess & Bolton, Maitland, for Florida Insurance Guaranty Association.
Michael G. Moore, Senior Attorney, for The Florida Department of Labor & Employment Security.
Dennis Threadgill and Robin S. Westcott, Tallahassee, for the Florida Department of Insurance.

ORDER ON APPELLANTS' MOTION TO ABATE OR STAY PROCEEDINGS
PER CURIAM.
This is an appeal by the employer/carrier from a final Workers' Compensation order which determined that claimant/appellee Proctor is permanently and totally disabled and which awarded certain benefits. After the notice of appeal was filed, the carrier, First Alliance Insurance Company, was the subject of a receivership petition in Leon County Circuit Court. That court entered an order which found First Alliance insolvent and appointed the Florida Department of Insurance as receiver for purposes of liquidation. The Department is authorized to:
Coordinate the operation of the receivership with the Florida Insurance Guaranty Association pursuant to Part II of Chapter 631, Florida Statutes (1991). The Receiver may, in its discretion, contract with the guaranty association to provide services as are necessary to carry out the purposes of Chapter 631.
The order also imposed a stay of judicial and administrative proceedings against the insurer or its assets in accordance with section 631.041(1), Florida Statutes (1993). Relying upon that order, appellants request this court to abate or stay the instant proceeding. Appellee opposes the requested relief. Appellee's arguments are that because the employer/carrier are appellants in this proceeding, it is not a judicial action against the insurer and the ordered stay therefore does not apply. Further, appellee contends that if this action is stayed as to the carrier, the employer must prosecute the appeal.[1]
Our examination of these issues led us to the preliminary conclusion that only the insurer *335 is protected by the provisions of section 631.041(1)(a), Florida Statutes:
(1) An application or petition under s. 631.031 operates as a matter of law as an automatic stay applicable to all persons and entities, other than the receiver, which shall be permanent and survive the entry of an order of conservation, rehabilitation, or liquidation, and which shall prohibit:
(a) The commencement or continuation of judicial, administrative, or other action or proceeding against the insurer or against its assets or any part thereof; ...
Florida law does not provide that the purchase of Workers' Compensation insurance by the employer is an absolute bar to liability to the claimant where, as here, the carrier fails.[2]
Because of this novel and somewhat troubling possibility, this court invited the Florida Department of Insurance, the Division of Workers' Compensation of the Department of Labor & Employment Security, and the Florida Insurance Guaranty Association (FIGA) to respond to the issues presented. FIGA filed a response, listing itself as an appellant and directing this court's attention to section 631.67, Florida Statutes, which provides in pertinent part:
All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court or before any quasi-judicial body or administrative board in this state shall be stayed for 6 months, or such additional period from the date the insolvency is adjudicated, by a court of competent jurisdiction to permit proper defense by the association [FIGA] of all pending causes of action as to any covered claims; provided that such stay may be extended for a period of time greater than 6 months upon proper application to a court of competent jurisdiction.
The stay imposed under this statute has been held to be mandatory, Snyder v. Douglas, 647 So.2d 275, 277 n. 5 (Fla. 2d DCA 1994). Further, by its terms it applies not just to the insurer but to the proceeding itself. Accordingly, we grant appellants' motion to abate or stay proceedings, staying this appeal for six months from entry of the circuit court's insolvency order, that is, until November 11, 1995.[3]
ZEHMER, C.J., and KAHN and DAVIS, JJ., concur.
NOTES
[1] In the event this appeal is not properly and timely prosecuted it would be subject to dismissal, whereupon the stay imposed by Florida Rule of Workers' Compensation Procedure 4.161(a) would dissolve and claimant arguably could seek to enforce the order of the Judge of Compensation Claims against the employer.
[2] Appellee's other argument, that this is not an action against the employer/carrier, is not persuasive. See, e.g., Association of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446 (3d Cir.1982); Florida Eastern Development Co. v. Len-Hal Realty, Inc., 636 So.2d 756 (Fla. 4th DCA 1994) (en banc) (bankruptcy stay applies where the defending party in the trial forum seeks bankruptcy protection while appealing an adverse judgment).
[3] It is the purpose of this state's workers' compensation law "to assure the quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker's return to gainful reemployment at a reasonable cost to the employer." Fla. Stat. § 440.015 (Supp. 1994). We also note that the legislature has directed that, in the event of an insurer insolvency, workers' compensation claims are to be paid in full. Fla. Stat. § 631.57(1)(a)2.a. (1993). We therefore strongly encourage FIGA to note its appearance with this court immediately upon assuming responsibility for any claim which is the subject of a pending appeal. Further, FIGA should make efforts to resume activity in the appeal within the six months provided for by section 631.67 or, where feasible, sooner.