PER CURIAM.
We reverse the order dismissing appellant’s amended complaint with prejudice. Appellant concedes that sections 631.68 and 95.11(5)(d), Florida Statutes (1995), bar her claim to the extent of the $10,000 limit of the original insurance policy. However, these statutes do not restrict her claim for damages against the original insured above $10,-000. See Vernick v. Bennett, 558 So.2d 541 (Fla. 4th DCA 1990); Queen v. Clearwater Elec., Inc., 555 So.2d 1262, 1265 (Fla. 2d DCA 1989).
In Blizzard v. W.H. Roof Co., 573 So.2d 334 (Fla.1991), the supreme court held that the shortened statute of limitations provi *755 sions of sections 681.68 and section 95.11(5)(d) were constitutional, The court acknowledged that portion of Queen applicable to this case:
Included in the district court’s opinion is a reference to Queen ... wherein the second district upheld the time limitations of the statute, but also ruled that the statute would be inapplicable to claims above the policy limits. Whether such an excess claim can be filed beyond the time limits is not an issue in this case and has not been argued. Although the reasoning of Queen appears to be sound, because it was not argued before us or the district court of appeal, we deem it inappropriate to approve or disapprove that part of Queen which excludes claims above the policy limits from operation of the statute.
573 So.2d at 334 n. 2.
REVERSED AND REMANDED.
GLICKSTEIN, PARIENTE and GROSS, JJ., concur.