820 So.2d 415 (2002)
Daniel HALILI, M.D., Petitioner,
v.
RADIATION ONCOLOGY CONSULTANTS, P.A., et al., Respondent.
No. 5D02-849.
District Court of Appeal of Florida, Fifth District.
June 28, 2002.
Brian D. Stokes of Unger, Acree, Weinstein, Marcus, Merrill, Kast & Metz, P.L., Orlando, for Petitioner.
David T. Tirella of Cohen, Jayson & Foster, P.A., Tampa, for Respondent.
SHARP, W., J.
Petitioner, Daniel Halili, M.D., ("Halili") seeks certiorari review of three orders rendered by the trial court. One denied his motion to stay the taking of his deposition in a medical malpractice case. Another denied respondent Radiation Oncology Consultants, P.A.'s motion to stay the proceedings. The third granted respondents Dennis and Ann Trostle's motion to sever *416 Halili as a party to the proceeding. We accept review, and quash all of the orders.
It appears from the undisputed record before us that the Trostles filed an action for damages allegedly sustained by Dennis Trostle as a result of medical negligence during his treatment for prostate cancer. Halili is one of the four defendants in the medical malpractice case. Also named as defendants below are Halili's employer, Radiation Oncology Consultants, P.A., Dr. William Letson, and his employer, Florida Urology, P.A.
Halili is insured by PHILCO Insurance Company, a Pennsylvania company doing business in Florida. On February 1, 2002, the Commonwealth Court of Pennsylvania entered an order of liquidation, finding that PHILCO is insolvent. The order states all actions in which PHILCO is or may be obligated to defend a party are stayed unless otherwise waived or agreed by all parties to an action. Halili filed a motion to stay this proceeding, citing section 631.67, Florida Statutes, which provides:
All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court or before any quasi-judicial body or administrative board in this state shall be stayed for 6 months, or such additional period from the date the insolvency is adjudicated, by a court of competent jurisdiction to permit proper defense by the association [the Florida Insurance Guaranty Association, Inc.] of all pending causes of action as to any covered claims; provided that such stay may be extended ...
Radiation Oncology Consultants also filed a motion to stay the proceedings. The Trostles filed a motion to sever Halili from the case, and to be permitted to take his deposition in the event a stay was entered.
The trial court held a hearing to resolve the motions on February 20, 2002. It was concerned about the state of Dennis Trostles' health and the possible impact of a stay. Accordingly, it ruled that the six-month stay be limited to proceedings against Halili only. It denied the stay requested by Radiation Oncology Consultants, although it allowed a thirty-day stay to permit the filing of a certiorari petition. It granted the Trostles' motion to sever Halili from the lawsuit, and it also ruled that the Trostles could proceed to take Halili's deposition, although all other discovery against him was stayed for the six month time period.
This effort to do equity in this case is not possible under the law. In Blizzard v. W.H. Roof Co., Inc., 573 So.2d 334 (Fla. 1991), the Florida Supreme Court explained the statutory scheme creating the Florida Insurance Guaranty Association (FIGA). It stated the FIGA is designed to insure injured parties can collect funds owed by insolvent insurance carriers, while safeguarding those who seek to protect themselves by obtaining insurance from such companies. A stay of a proceeding under the circumstances involved in this case is mandatory. See Snyder v. Douglas, 647 So.2d 275 (Fla. 2d DCA 1994). The stay is required in order to allow FIGA, who must step in to replace the insolvent insurer, time to investigate, evaluate and defend the claims. Its ability to do so would be seriously impaired without the six month stay. In addition, claimants are protected by the stay since FIGA will be in a better position to determine whether to settle a claim, without incurring expensive litigation. Finally, FIGA (representing the state funds collected for such purpose) is also served by a stay since it must have a reasonable time in which to mount an adequate defense.
The stay must also be as to the entire proceeding, not just as to one party. *417 See Jimmy Lang's Auto Service v. Proctor, 667 So.2d 334 (Fla. 1st DCA 1995). There is no other practical way to protect FIGA's interest, since as in this case, it could be harmed by discovery in which it has no right to participate or challenge. Further, there are issues of competing liability and responsibility between the defendants, as well as possible vicarious liability and contributory indemnification. Accordingly, we quash the orders rendered below by the trial court.
Petition for Writ of Certiorari GRANTED; Orders QUASHED.
HARRIS and PETERSON, JJ., concur.