IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DON K. JURAVIN,

    Petitioner,

                                    Case No. 5D22-1058

v.                                 LT Case No. 2017-CA-0667


DCS REAL ESTATE INVESTMENTS,LLC,
AND THE CLUB AT BELLA COLLINA,

    Respondents.

_____/

Opinion filed May 17, 2022

Petition for Writ of Prohibition,
Dan R. Mosley, Respondent Judge.

Andrew A. Labbe, of Groelle &
Salmon, P.A., Tampa, for Petitioner.

Michael D. Crosbie, and Caitlin N.
Emling, of Shutts & Bowen LLP,
Orlando, for Respondents.

PER CURIAM.

    Don K. Juravin petitions this Court for a writ of prohibition, challenging

the trial court's refusal to stay the underlying proceedings despite the

declaration of insolvency obtained and filed by Juravin's insurer. It is undisputed that the insurer has declared insolvency and has entered receivership, and that the trial court has refused to stay the proceedings "because the insurer is not a named party to the lawsuit." This was error.

Section 631.67, Florida Statutes (2021), provides that all proceedings in which an insolvent insurer is a party or is obligated to defend a party shall be stayed for six months. This Court has previously held that the stay provided for in section 631.67 is both automatic and mandatory, and that the stay must be to the entire proceeding. Halili v. Radiation Oncology Consultants, P.A., 820 So. 2d 415, 416–17 (Fla. 5th DCA 2002) (citing Jimmy Lang's Auto Serv. v. Proctor, 667 So. 2d 334 (Fla. 1st DCA 1995)). We agree with Juravin that the six-month stay (from the February 25, 2022 insolvency order) provided by the statute prohibits continuation of these judicial proceedings so long as Juravin's insurer remains obligated to provide a defense.

PETITION GRANTED.

EVANDER, HARRIS and SASSO, JJ., concur.