PEARSON, Judge.
The appellant, plaintiff below, contends that it is a third party beneficiary under a reinsurance policy which the defendants had issued to the National Home Insurance Company, Inc. The plaintiff had a policy of liability insurance with National Home Insurance Company.
The appeal is from a summary final judgment for the defendants, The Underwriters at Lloyds. The facts are not in dispute, and the issue is whether defendant was entitled to a judgment as a matter of law.
The plaintiff carried liability insurance with the National Home Insurance Company, Inc., formerly known as Southern Indemnity Company, and suffered an adverse judgment in a personal injury case in the total amount of $13,257.76. The National Home Insurance Company paid a portion of that judgment, namely $6,465.82. National’s payment represented the portion of the judgment that was not reinsured with the defendant. The plaintiff paid the remaining portion of the judgment ($6,-791.94), and brought this action against the reinsurer.
The reinsurance contract contained the standard clause; viz.:
“In the event of the insolvency of the REASSURED, Reinsurance under this Contract shall be payable directly to the REASSURED or to its receiver, liquidator or statutory successory by the REINSURERS on the basis of the liability of the REASSURED under the Contracts reinsured, without diminution because of the insolvency of the REASSURED. It is agreed, however, that the liquidator or receiver or statutory successor of the insolvent REASSURED shall give written notice to the REINSURERS of the pendency of a claim against the insolvent REASSURED on the Contract or Contracts reinsured within a reasonable time after such claim is filed in the insolvency proceeding and that during the pend-ency of such claim the REINSURERS may investigate and interpose at their own expense, in the proceeding where such claim is to be adjudicated, any defense or defenses which they may deem available to the REASSURED or its liquidator or receiver of statutory successor. The expense thus incurred by the REINSURERS shall be chargeable, subject to Court approval, against the insolvent REASSURED as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the REASSURED solely as a result of the defense undertaken by the REINSURERS.”
The National Home Insurance Company has been placed in receivership and is presently in the possession or control of a court-appointed liquidator in Leon County, Florida. There was no allegation of payment or satisfaction of this reinsurance liability, and there are no affidavits or facts in the record reflecting any such payment or satisfaction. Nor is there evidence that *650 demand has been made by the statutory liquidator.
It is not necessary for us to determine whether or not the ultimate insured is a third-party beneficiary of a reinsurance contract[1] because we hold that the statutes of the State of Florida, which provide a specific method for the liquidation of insurance companies and the payment of claims, are controlling. The public has a substantial interest in the liquidation of an insurance company. Because of this fact, the Legislature has enacted a statutory process for the liquidation of insolvent insurance companies. See Ch. 631, Fla.Stat., F.S.A.; Springer v. Colburn, Fla.1964, 162 So.2d 513.
If a claimant could pursue the question of reinsurance to an ultimate judgment for himself, the purpose [2] of the statutory provisions for the liquidation of insurance companies would be defeated by a multiplicity of suits. In addition, the claimant would receive an unequal portion of the insuror’s assets. We therefore hold that a claimant against an insurance company in the process of liquidation may not bring an independent action upon a reinsurance contract.
Affirmed.

. But cf., United States, to Use of Colonial Brick Corp. v. Federal Surety Co., 5 F.Supp. 247 (D.Md.1933), aff’d, 72 F.2d 964 (4th Cir. 1934); Gill v. Blackhawk Mutual Ins. Co., 18 Ill.App.2d 338, 152 N.E.2d 210 (1958).

. “The purpose of the act is to secure equal treatment for all creditors * * Springer v. Colburn, supra, at page 516. Compare Knickerbocker Agency v. Holz, 4 N.Y.2d 245, 173 N.Y.S.2d 602, 149 N.E.2d 885 (1958); and cases collected at 46 A.L.R.2d 1186. The statutes in effect prior to the enactment of sections 717-750 of Chapter 59-205, Laws of Florida 1959, Fla.Stat.1959, Ch. 631, F.S.A., were also intended to secure equal treatment. See Fla.Stat.1957, §§ 626.12-626.-16, 631.09.