559 So.2d 452 (1990)
MR. C's TV RENTAL and Liberty Mutual Insurance, Appellants,
v.
David MURRAY, Appellee.
No. 89-02110.
District Court of Appeal of Florida, First District.
April 12, 1990.
Robert L. Dietz and John C. Bachman of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellants.
*453 J. David Parrish of Hurt & Parrish, P.A., Orlando, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellee.
BOOTH, Judge.
This cause is before us on appeal from an order awarding claimant 24-hour-per-day attendant care benefits to be paid for care provided by claimant's wife. We reverse based on Section 440.13(2)(e)2, Florida Statutes (1989). Section 440.13(2)(e)2 provides:
440.13 Medical services and supplies; penalty for violations; limitations. 
... .
(2)(e) The value of nonprofessional attendant or custodial care provided by a family member shall be determined as follows:
... .
2. If the family member is employed and elects to leave that employment to provide attendant or custodial care, the per hour value of that care shall be at the per hour value of such family member's former employment, not to exceed the per hour value of such care available in the community at large. In no event shall a family member providing nonprofessional attendant or custodial care pursuant to this paragraph be compensated for more than 12 hours per day. [emphasis added to identify 1989 amendment].
The 1989 amendment, which limits compensation of family members providing nonprofessional attendant or custodial care to not more than 12 hours per day, became effective October 1, 1989, after the entry of the order (July 3, 1989) in this case. Ch. 89-289, §§ 10 and 45, Laws of Fla.
In Williams v. Amax Chemical Corporation, 543 So.2d 277 (Fla. 1st DCA 1989), this court applied the earlier 1988 amendment of Section 440.13(2)(e)2, Florida Statutes, to benefits awarded prior to, but paid after, the effective date of the amendment, holding:
After October 1, 1988, payment for the wife's services must be governed by section 440.13(2)(e), Florida Statutes (Supp. 1988). She may wish to quit her job and receive her present hourly wage to the extent that it does not exceed "the per hour value of such care available in the community at large."
Neither the 1988 nor the 1989 amendment affect claimant's substantive rights. The 1989 amendment limits the number of hours of care for which claimant's wife may be paid but does not affect or in any way limit claimant's right to receive 24-hour-per-day attendant or custodial care shown to be required. Therefore, we hold the amendment applies to attendant care benefits awarded pursuant to the preamendment order where services are both rendered and paid for after the amendment's effective date. Accordingly, the judge of compensation claims' order is reversed and remanded for further proceedings consistent herewith.
THOMPSON and MINER, JJ., concur.