PER CURIAM.
Area Refrigeration & Air Conditioning and Investors Insurance Holding Corp. (E/C) filed separate appeals from two orders of the judge of compensation claims (JCC); one order which awarded benefits and the other which grants attorney’s fees to the claimant. The separate challenges which were filed have been consolidated for appeal. We are required to address three points on appeal: (1) Whether there is competent substantial evidence to support the JCC’s finding that the employer’s servicing agent received proper notice of the final hearing on benefits; (2) whether there is competent substantial evidence to support the JCC’s awards of interest and penalties on past attendant-care benefits; (3) whether the JCC erred in the award of attorney’s fees.
Claimant concedes that the award of interest and penalties on past attendant-care benefits is unauthorized. We reverse as to that issue without further discussion. Williams v. Amax Chemical Corp., 543 So.2d 277 (Fla. 1st DCA 1989). We affirm as to issues I and III.
The record demonstrates that there was competent substantial evidence on which the hearing officer could have determined that notice was given to the carrier in accordance with the requirements of section 440.25(3)(a), Florida Statutes, and rule 4.080, Florida Workers’ Compensation Rules of Procedure. See Barbour v. Waterman, 394 So.2d 517 (Fla. 1st DCA 1981). We, therefore, determine that the JCC did not err in conducting the hearing in the absence of the servicing agent or its representative.
The E/C also raises several issues concerning attorney’s fees. We find that as to these issues (1) the JCC did not err in retaining jurisdiction to award attorney’s fees, and (2) the other attorney’s fee issues were not properly preserved for appeal.
We affirm in part, reverse in part, and remand with directions to enter a final order consistent with this opinion.
ERVIN, ALLEN and WOLF, JJ., concur.