PER CURIAM.
The employer/carrier (E/C) appeals an order awarding the claimant 24-hour-per-day attendant care benefits for care provided by the claimant’s wife. The E/C also appeals the judge of compensation claims valuation of those services at the market rate charged by the home health care agency rather than the rate charged by the individual health care employee.
There is competent substantial evidence in the record to support the JCC’s order awarding attendant care benefits valued at the rate charged by the health care agency pursuant to Section 440.13(2)(e)2, Florida Statutes (1989).
However, the JCC erred in awarding those benefits on a 24-hour-per-day basis. Section 440.13(2)(e)2, amended effective October 1, 1989, states in pertinent part:
In no event shall a family member providing nonprofessional attendant or custodial care pursuant to this paragraph be compensated for more than 12 hours per day.
This court held in Mr. C’s TV Rental v. Murray, 559 So.2d 452 (Fla. 1st DCA 1990), that the amendment does not affect a claimant’s substantive rights, nor limit the claimant’s right to receive 24-hour-per-day attendant care which may be required. The amendment simply limits the number of hours of care for which the claimant’s wife may be paid.
Therefore, we reverse the JCC’s order insofar as it requires the claimant’s wife be paid for 24 hours of attendant care after October 1, 1989, the effective date of Section 440.13(2)(e)2, Florida Statutes (1989). With respect to all other issues, we affirm.
BOOTH, MINER and KAHN, JJ., concur.