610 So.2d 1293 (1992)
Ernesto MARANJE, Appellant,
v.
BRINKS OF FLORIDA, INC., et al., Appellees.
No. 92-330.
District Court of Appeal of Florida, Third District.
October 20, 1992.
On Motion for Rehearing January 12, 1993.
De Cardenas & Freixas, Jay M. Levy, Miami, for appellant.
Miller, Kagan & Chait, and Arturo Borbolla, Coral Gables, for appellees.
Before HUBBART, NESBITT and COPE, JJ.
NESBITT, Judge.
Claimant-appellant, Ernesto Maranje, was injured in a work-related incident while employed by appellee Brinks of Florida, Inc. (Brinks). Appellee Liberty Mutual Insurance Co. is the insurance carrier for Brinks (appellees hereafter collectively referred to as employer/carrier). Claimant appeals the circuit court's order awarding him out-of-pocket compensatory damages for amounts spent in renting a home, during his employer/carrier's appeal of an earlier entered workers' compensation order awarding him a home. He claims he should have been awarded the reasonable rental and maintenance value of the home during the pendency of the appeal. Employer/carrier cross-appeals claimant's entitlement to the out-of-pocket expenses. For the reasons that follow, we reverse the order under review.
Claimant was employed by Brinks when he sustained injuries arising out of and in the course of his employment. He brought a workers' compensation claim against his employer/carrier and, after a trial on the merits, was awarded by the Judge of Compensation Claims (JCC), inter alia, a two bedroom, two bath home, with an in ground heated pool. Claimant was to contribute $340 per month to the cost of the home, the amount he was paying in rent on the date of the accident. Following the entry of this order on July 19, 1990, employer/carrier appealed. On September 27, 1991, the First District Court of Appeal per curiam affirmed the order. Brinks of Fla., Inc. v. Maranje, 584 So.2d 1000 (Fla. 1st DCA 1991).
Pursuant to section 440.25(4)(c), Florida Statutes (1991), the JCC's order was automatically stayed during the pendency of the appeal. As a result, the employer/carrier did not furnish claimant with the home *1294 until after the order was ultimately affirmed. Thereafter, claimant filed a petition for Rule Nisi, pursuant to section 440.24(1), Florida Statutes (1991),[1] seeking enforcement of the JCC's order through an award of the reasonable rental value of the home for the fifteen months during the pendency of the appeal, less his $340 per month contribution, plus interest and penalties. At the hearing on the petition, claimant maintained that Workers' Compensation Rule 4.161(e)[2] required interest to be paid on benefits withheld due to an appeal from the date of the award. Claimant argued that the only way he could be made whole from the loss of the use of the home for those fifteen months, was if the court awarded him the reasonable rental value of the home for that period of time.
The final judgment of the circuit court determined that the employer/carrier had fully complied with the JCC's order when it furnished claimant with the home within thirty days of the First District's mandate. The court denied the claim for the reasonable rental value of the home during the pendency of the appeal, but found that claimant should be reimbursed for his out-of-pocket rent and maintenance expenses during that time. The court also denied the claim for penalties and interest. Thereafter, the employer/carrier's motion for rehearing was denied, and claimant timely filed the instant appeal.[3] Employer/carrier cross-appealed claimant's entitlement to the award of out-of-pocket expenses.
The authority of a circuit court judge in a Rule Nisi proceeding under section 440.24(1) is limited to inquiring whether or not the JCC's order is still in full force and effect and if so, to enforce the provisions of that order. Alvarez v. Kendall Assocs., 590 So.2d 518, 519 (Fla. 3d DCA 1991); Lillard v. City of Miami, 220 So.2d 413, 414 (Fla. 3d DCA 1969). The statute gives the circuit court wide latitude in the enforcement of compensation orders by allowing it "to issue a writ of execution or such other process or final order as may be necessary to enforce" the order. § 440.24(1), Fla. Stat. (1991) (emphasis added); see generally A.D.H. Bldg. Contractors v. Steele, 171 So.2d 184, 186 (Fla. 3d DCA 1965), cert. denied, 177 So.2d 482 (Fla. 1965).
According to the employer/carrier, because of the automatic stay which went into effect upon its appeal of the JCC's order to the First District, it was not required *1295 to provide claimant with the home until within thirty days of the appellate court's mandate. As authority for its argument, employer/carrier cites to section 440.24(1) and Workers' Compensation Rule 4.161. Such an argument, however, fails to take into account the fact that had the employer/carrier not appealed the award of the home, claimant would have occupied, and had the benefit of the use of the home for fifteen months prior to the time he actually received it after the appeal. The effect of the employer/carrier's actions, as so argued, is to deprive claimant of his just reward, which we reject.
Rule 4.161 requires that benefits due immediately pursuant to a JCC award must be paid with interest from the date of the JCC's order when an appeal has been unsuccessful. See also Parker v. Brinson Constr. Co., 78 So.2d 873, 875 (Fla. 1955) ("Inherent in the [Workers' Compensation] act itself is the intention that if ... an award is wrongfully withheld (and under the law it is wrongfully withheld if it be eventually determined that it should have been paid), the person or the party which should have paid it should be compelled to pay, as damages for its detention, lawful interest thereon from the date it should have been paid... ."); Brazil v. School Bd. of Alachua County, 408 So.2d 842, 843 (Fla. 1st DCA 1982) (after an award of compensation benefits has been affirmed, the employer/carrier is required to pay them, with interest, from the date they should have been paid). Since it is physically impossible to retroactively provide the benefit awarded in this case  a home  for the fifteen months claimant was without it, he is entitled to the only thing which will make him whole  the monetary equivalent of the home for fifteen months, plus interest, less the $340 per month claimant was ordered to pay. This figure may easily be determined by an expert property appraiser who can testify as to the reasonable rental and maintenance value of the home, reduced to its present day value, less the amount already paid to claimant for his out-of-pocket expenses. Our holding thus disposes of the employer/carrier's cross-appeal.
Accordingly, the order under review is reversed and remanded to the circuit court for proceedings consistent with this opinion.

ON MOTION FOR REHEARING
We grant claimant's motion for rehearing. Below, the court ordered the employer/carrier to reimburse the claimant "for all out-of-pocket expenses that he has incurred with regard to the home less the Three Hundred Forty ($340.00) Dollar[s] per month that the Petitioner is to make under this order." Since the amount already received by claimant has previously taken into account the $340 per month he was ordered to contribute, we direct that the trial court award claimant the monetary equivalent of the home for fifteen months plus interest, with no further reduction for the $340 per month claimant was ordered to pay.
It is so ordered.
NOTES
[1] Since JCC's do not have authority to enforce workers' compensation orders, a claimant must resort to the enforcement provisions contained in section 440.24, Florida Statutes (1991). Section 440.24(1) provides:

In case of default by the employer or carrier in the payment of compensation due under any compensation order of a judge of compensation claims or other failure by the employer or carrier to comply with such order within 10 days after the order becomes final, any circuit court of this state within the jurisdiction of which the employer or carrier resides or transacts business shall, upon application by the division or any beneficiary under such order, have jurisdiction to issue a rule nisi directing such employer or carrier to show cause why a writ of execution, or such other process as may be necessary to enforce the terms of such order, shall not be issued, and, unless such cause is shown, the court shall have jurisdiction to issue a writ of execution or such other process or final order as may be necessary to enforce the terms of such order of the judge of compensation claims.
[2] Workers Compensation Rule 4.161 provides in pertinent part:

(b) Benefits Affected By Appeal. Benefits ordered paid which are certified under Rule 4.160(a) of these rules by appellant (or cross-appellant) as being affected by the appeal may be withheld pending outcome of the appeal under the authority of Section 440.20 Florida Statutes... .
* * * * * *
(e) Payment of Benefits After Unsuccessful Appeal. Benefits ordered paid which have been certified as being affected by appeal pursuant to Rule 4.160(a) of these rules and withheld pending outcome of appeal become due and payable if appeal is unsuccessful with respect to any such withheld benefits, within thirty (30) days of the issuance of the District Court's mandate unless stay is obtained, pursuant to review sought with the Florida Supreme Court, in which case benefits become due, if such review is unsuccessful, within thirty (30) days of the Supreme Court's final disposition of the cause, together with interest as provided under Section 440.20 Florida Statutes, from the date of entry of the Deputy's order making the award.
[3] Claimant does not challenge the circuit court's ruling as to penalties in this appeal.