668 So.2d 696 (1996)
Dennis RUSSELL, Appellant,
v.
P.I.E. NATIONWIDE and Alexsis, Inc., Appellees.
No. 95-1856.
District Court of Appeal of Florida, First District.
February 28, 1996.
*697 Dean Burnetti and Carl A. Feddeler, III, of Smith & Burnetti, Lakeland, for Appellant.
E. Taylor Davidson and Patrick T. DiCesare, II, of DiCesare & Davidson, P.A., Lakeland, for Appellees.
BARFIELD, Judge.
The claimant, who injured his back in a work-related accident in 1989, appeals a workers' compensation order allowing the employer/carrier to "deauthorize" further chiropractic care, contending that the judge of compensation claims erred in retroactively applying the following provision of section 440.13(2)(a), Florida Statutes (Supp.1994):
Medically necessary treatment, care, and attendance does not include chiropractic services in excess of 18 treatments or rendered for more than 8 weeks beyond the date of the initial chiropractic treatment, whichever comes first, unless the carrier authorizes additional treatment or the employee is catastrophically injured.
We hold that this provision is substantive in nature and therefore cannot be applied retroactively in a case in which the industrial accident occurred prior to its effective date, see Southern Bakeries v. Cooper, 659 So.2d 339 (Fla. 1st DCA 1995).[1]
The order is REVERSED and claimant's motion for appellate attorney fees is GRANTED. This case is REMANDED to the judge of compensation claims for determination of the amount of the appellate attorney fee.
KAHN, J., and SMITH, Senior Judge, concur.
NOTES
[1] Mr. C's T.V. Rental v. Murray, 559 So.2d 452 (Fla. 1st DCA 1990), cited by appellee, is distinguishable from this case because it involved the 1989 amendment to section 440.13(2)(e)2, which establishes the value of nonprofessional attendant care provided by a family member who leaves his or her employment to care for the injured employee as the per hour value of the family member's former employment, not to exceed the per hour value of nonprofessional attendant care available in the community at large. The 1989 amendment added the following sentence: "In no event shall a family member providing non-professional attendant or custodial care pursuant to this paragraph be compensated for more than 12 hours per day." This court ruled that the amendment did not affect substantive rights: "The 1989 amendment limits the number of hours of care for which claimant's wife may be paid but does not affect or in any way limit claimant's right to receive 24-hour-per-day attendant or custodial care shown to be required." Unlike nonprofessional attendant care, which can be provided by family members or by other untrained persons, chiropractic care cannot necessarily be provided by other than a licensed chiropractor.