SORONDO, Judge.
Appellant/respondent, Employer, appeals the lower court’s final judgement in a Rule Nisi proceeding in favor of Appellee/petitioner, Claimant, for attendant care pursuant to a final compensation order.
In January of 1991, Claimant incurred a work related injury, carpal tunnel syndrome. On April 24, 1991, a worker’s compensation claim for benefits was filed seeking, in pertinent part, on-call home attendant care on a 24 hour basis, payable by Employer. On November 15, 1994, the Judge of Compensation Claims (JCC) entered a final compensation order, awarding Claimant home attendant care based upon the following finding:
8. [I] find that claimant Sharon Cordell, requires on-call home attendant care, 24 hours per day with actual home attendant care assistance 12 hours per day. Pursuant to F.S. 440.13(2)(g)(2) (1991),[1] Kenneth Cordell, as claimant’s husband is limited to being compensated therefore for only 12 hours per day. Although a windfall may result to the employer as claimed by claimant by virtue of the 12 hour limitation, the statute must, never the less [sic], be followed.
The decretal portion of the JCC’s final order provided:
4. Provide claimant with home attendant care on a 24 hour per day on call basis as follows:
a) Pay $6.75 per hour, 12 hours per day, 7 days per week for claimant’s home attendant care provided by her husband from April 24, 1991 (the date claim was filed) to date and continuing, so long as the need for home attendant care continues and is provided by Kenneth Cordell.
b) Provide claimant home attendant care at market rate for the remaining 12 hours per day.
6. Claimant’s claim for full payment to her husband for 24 hour per day past attendant care based upon the employer’s waiver of 440.13(2)(g)2 (1991) and es-toppe[l] is denied.
Claimant’s motion for rehearing, arguing that estoppel should have applied to preclude application of the statutory 12-hour cap of § 440.13(2)(h)2 was denied. Both parties sought review (by appeal and cross-appeal) regarding the attendant care provisions of the final order. On June 26, 1995, the First District Court of Appeal affirmed the JCC order without opinion.
On February 7, 1996, Claimant applied for the issuance of a Rule Nisi pursuant to § 440.24 for enforcement of the decretal provisions of the final compensation order. Claimant argued that Employer had only partially complied with the order, by paying her for the twelve hours daily home attendant care provided by her husband but failing to pay benefits for the remaining 12 hours per day, as provided by paragraph 4(b). Employer responded that the JCC recognized that Claimant was statutorily limited to 12 hours home attendant care as provided by her husband, and that no evidence had been presented indicating that outside attendant care had ever been secured or provided to Claimant for any additional time. On June 10, 1996, the trial court entered a final judgment in favor of Claimant for $392,047.05 plus interest, finding that the decretal provisions of the JCC’s final order had awarded Claimant 24-hours of on-call home attendant care, with 12 hours to be provided by her husband and an additional 12 hours at the market rate.
On October 10, 1996, the parties entered a stipulation that was approved by the JCC, wherein they agreed that from the date of the stipulation forward, Claimant would be solely responsible for securing attendant care services for the twelve hours per day not provided by her husband, and that each attendant selected shall submit bi-weekly invoices to Employer, which shall be paid directly to the attendants at the rate of $10.00 per hour.
*1014 The law is clear that the “authority of a trial judge in a Rule Nisi proceeding is limited to an inquiry of whether the subject workers’ compensation order is still in full force and effect, and if so, to enforce its provisions.” Alvarez v. Kendall Associates, 590 So.2d 518, 519 (Fla. 3d DCA 1991). See also, Manon Correctional Inst., Florida Dept. of Corrections v. Kriegel, 522 So.2d 45 (Fla. 5th DCA), review denied, 531 So.2d 1354 (Fla. 1988); Venne v. Kleuver, 435 So.2d 350 (Fla. 3d DCA 1983), review denied, 443 So.2d 979 (Fla.1984); Lillard v. City of Miami, 220 So.2d 413 (Fla. 3d DCA 1969).
In this case, the Circuit Court misconstrued the JCC order and entered a final judgment ordering Employer to pay 24 hour attendant care for the period in question. It is clear from the order of the JCC that Employer was to pay only for the twelve hours of attendant care provided by Claimant’s husband during the time in question. The JCC’s order, and the First District’s affirmance thereof, specifically denied Claimant her claim for the other twelve hours of attendant care provided by her husband, on the basis of the limitations contained in § 440.13(2)(h)2. See also, City of North Miami v. Towers, 584 So.2d 38 (Fla. 1st DCA 1991); Firestone Tire & Rubber v. Knowles, 561 So.2d 1293 (Fla. 1st DCA 1990); Mr. C’s TV Rental v. Mun’ay, 559 So.2d 452 (Fla. 1st DCA 1990). The Circuit Court apparently based its order on paragraph 4(b) of the decretal section of the JCC’s order which reads: “Provide claimant home attendant care at market rate for the remaining 12 hours per day.” When read in context, however, this section clearly means that Employer is responsible for all home attendant care Claimant received by someone other than her husband or family member, for the remaining twelve hours of each day.[2] Accordingly, if Claimant can produce proof of such care, Employer will be obligated to pay it at the market rate. Any other interpretation of paragraph 4(b) would be contrary to the plain language of the JCC’s order and the mandate of the First District Court of Appeal.
The Circuit Court’s final judgment also awarded accrued interest on the principal sum due Claimant for home attendant care. This was error. Interest cannot be assessed on an award for past attendant care services. Baird Mobile Home v. Smith, 579 So.2d 929 (Fla. 1st DCA 1991); Area Refrigeration & Air Conditioning v. Glazer, 575 So.2d 332 (Fla. 1st DCA 1991); Mount Sinai Medical Center v. Calleyro, 572 So.2d 1025 (Fla. 1st DCA 1991); Williams v. Amax Chemical Corp., 543 So.2d 277 (Fla. 1st DCA 1989). Additionally, this award of interest is different from that ordered by the JCC. In his order the JCC instructed Employer to “pay interest at the rate of 12% per annum on all delinquent payments of compensation regardless of classification....” This is a materially different award than that granted by the final judgment of the circuit court.
We reverse the Final Judgment of the Circuit Court and remand for the entry of a final judgment that is consistent with the terms of the JCC’s order and this opinion.
Reversed and remanded.

. This subsection was renumbered as § 440.13(2)(h)2 in 1991.

. Paragraph 6 of the decretal section of the JCC’s order, supra, specifically denies Cordell's claim in this regard. This denial was the sole issue in Claimant's cross-appeal before the First District Court of Appeal which ruled against her by affirming the decision of the JCC.