694 So.2d 80 (1997)
PAYROLL TRANSFERS INTERSTATE, INC., Appellant,
v.
Carl David FORSHEY, Appellee.
No. 96-2977.
District Court of Appeal of Florida, First District.
April 18, 1997.
Rehearing Denied May 27, 1997.
Jonathan L. Alpert and William J. Cook of Alpert, Barker & Calcutt, P.A., Tampa, for Appellant.
*81 Marshall D. Davis of Marshall D. Davis, P.A., Jacksonville, for Appellee.
Dennis Threadgill, Chief Attorney and Mary Schwantes, Tallahassee; and Helen Ann Hauser of Dittmar & Hauser, Coconut Grove, for Amicus Curiae Florida Department of Insurance.
DAVIS, Judge.
Payroll Transfers Interstate, Inc. (PTI), the employer, appeals an order awarding additional temporary total, temporary partial and wage loss benefits, plus penalties, interest, and attorney's fees, to the claimant, Carl David Forshey. PTI argues that the JCC erred in denying its motion to stay the workers' compensation proceedings because PTI's insurer is in receivership pursuant to Chapter 631, Florida Statutes. PTI also argues that the JCC erred in awarding benefits to be paid by the employer because the claimant filed a proof of claim in the receivership proceedings, which PTI contends released the employer from liability. Finding no reversible error, we affirm.
Mr. Forshey was injured in the course and scope of his employment with PTI, on November 14, 1992. At that time, PTI was a member of a workers' compensation self-insurance fund, United States Employer Consumer Self Insurance Fund of Florida (USEC). On May 11, 1995, Mr. Forshey filed an amended petition for benefits with the Division of Workers' Compensation. USEC became insolvent, and the Leon County Circuit Court granted the Florida Department of Insurance's petition to be appointed receiver of USEC on May 16, 1995. That order enjoins all persons from wasting USEC assets or obtaining any preference in the distribution of those assets. The receivership order required all claims against the USEC estate to be filed with the Receiver on or before 12:01 a.m. on February 21, 1996. Mr. Forshey timely filed a claim with the Receiver on October 3, 1995, seeking $450,000 for unpaid past benefits, future benefits, attorney's fees, and penalties and costs on his workers' compensation claim.
PTI argued below and before this court that the workers' compensation proceedings should have been stayed pursuant to the provisions of section 631.041, Florida Statutes (1995). The JCC entered a separate order denying PTI's motion for stay, concluding "that pursuant to Chapter 631 of the Florida Statutes the automatic stay provision only applies to claims pursued against the insolvent insurer and not against the employer." Although the order did not specify which stay provision was being invoked, it is undisputed that the stay provision in section 631.67, Florida Statutes, is not relevant to this case because self-insurance funds were expressly excluded from that provision. It is also undisputed that the stay contained in section 631.985 does not apply in this case because section 631.915(3) defines the claims covered by that stay provision in such a manner as to exclude from the operation of that provision all claims resulting from dates of accidents before January 1, 1994. The only stay provision in chapter 631 which was asserted to bar these proceedings is section 631.041, Florida Statutes (1995), which provides, in pertinent part, that the commencement of delinquency proceedings under section 631.031 operates as an automatic stay which prohibits "[t]he commencement or continuation of judicial, administrative, or other action or proceeding against the insurer or against its assets ..."
PTI argues that it should have been protected under section 631.041 because the receiver has the power to make assessments against PTI, along with other members of the fund, to pay claims and receivership expenses. The Florida Department of Insurance, which is the receiver of USEC, filed a brief as amicus curiae and made an appearance at oral argument. The Department does not agree that this stay provision should apply to prevent proceedings against the employer. PTI reasons that permitting Mr. Forshey to proceed directly against the employer would potentially waste receivership assets, or create an unlawful preference to receivership assets. We reject that argument. USEC was the insurer, and PTI was the insured. PTI's assets are not receivership assets.
Section 631.041 only stays proceedings against the insurer or its assets. See Jimmy *82 Lang's Auto Service v. Proctor, 667 So.2d 334, 334-35 (Fla. 1st DCA 1995) ("only the insurer is protected by the provisions of section 631.041(1)(a)"). The claimant's action against the employer was not an action against the insurer or the assets of the insurer. Cf. Nova Ins. Group v. Florida Dep't of Ins., 606 So.2d 429 (Fla. 1st DCA 1992) (distinguishing between dispute over funds in escrow account which never ceased being the property of Nova, and Nova's remaining claims for damages, fees and costs against the insolvent insurer; the former never became receivership assets and therefore that claim could be resolved outside the receivership proceeding, the latter had to be pursued in the receivership court). Consumers Super Market #2, Inc. v. Underwriters at Lloyds, 189 So.2d 648 (Fla. 3d DCA 1966), cert. dismissed, 198 So.2d 323 (Fla.1967), relied upon by PTI, is distinguishable because the funds involved in that case were held to be part of the receivership estate by the terms of the reinsurance contract. Under the facts of this case we find no merit to the contention that the workers' compensation proceedings should have been stayed because of the receivership. The employer, who was the insured under the policy of workers' compensation insurance, is not entitled to the protection of the stay provision contained in section 631.041.
PTI also asserts that it was an error on the merits to award benefits because the employer was released from liability to the claimant, pursuant to section 631.193, Florida Statutes (1995), by virtue of the claimant having filed a proof of claim in the receivership proceedings. That statute provides, in pertinent part, that "[t]he filing of a claim constitutes a release of the insured from liability to the claimant to the extent of the coverage or policy limits provided by the insolvent insurer." The JCC correctly declined to apply that release provision to bar this claim.
Effective July 1, 1994, the responsibility to regulate workers' compensation self-insurance funds was transferred from the Division of Workers' Compensation to the Florida Department of Insurance. See Chapter 93-415, § 76, Laws of Florida. One of the effects of transferring these provisions to chapter 631 from chapter 440 may have been to incorporate the release provision contained in section 631.193 into workers' compensation jurisprudence after July 1, 1994. The JCC ruled in the alternative below that this release provision was not applicable in these workers' compensation proceedings because the statutory release was not approved by the JCC pursuant to section 440.22, Florida Statutes. We need not reach that question today. Even if the automatic release provision in section 631.193, Florida Statutes (1995), now applies when a workers' compensation insurer becomes insolvent, precluding workers' compensation claimants who have filed a proof of claim in a receivership from seeking benefits directly from the employer notwithstanding a lack of approval of the release by a judge of compensation claims pursuant to section 440.22, that change in the law cannot be retroactively applied. At the time of the claimant's injury in 1992, workers' compensation self-insurance funds were regulated under chapter 440. Under the law in effect at the time of this claimant's injury, he had a substantive right to proceed directly against the employer for payment of the claim in the event of the insolvency of the insurer. Despite the purchase of workers' compensation insurance, employers remained statutorily liable for the payment of the benefits due under chapter 440. See § 440.10(1)(a), Fla.Stat. (1991). See also Jimmy Lang's Auto Service v. Proctor, 667 So.2d at 335 ("Florida law does not provide that the purchase of Workers' Compensation insurance by the employer is an absolute bar to liability to the claimant where, as here, the carrier fails."). An amendment which changes the liability of the employer or carrier from what it was when the injury occurred may not be applied retroactively. Ace Disposal v. Holley, 668 So.2d 645 (Fla. 1st DCA), review denied mem., 676 So.2d 1368 (Fla.1996). See also Clay Hyder Trucking Lines v. Atherton, 450 So.2d 318, 320-21 (Fla. 1st DCA 1984) (amendment changing responsibility to pay for the cost of rehabilitation from an obligation of the Division of Labor to the responsibility of the employer or carrier increased potential liability of employer and carrier, therefore it was substantive *83 in nature and applied prospectively only); Ship Shape v. Taylor, 397 So.2d 1199, 1201 (Fla. 1st DCA 1981) (statute providing for assessment of attorney's fees substantially changed employer and carrier's liability from what it was when injury occurred and thus did not apply retroactively).
We conclude that the JCC correctly declined to stay the proceedings below and did not err in awarding benefits to the claimant because the release provision in section 631.193 was inapplicable to bar this claim.
AFFIRMED.
BARFIELD, C.J., and ERVIN, J., concur.