PER CURIAM.
This is an appeal from the denial of a motion for a stay pursuant to section 631.041, Florida Statutes (1995), in' a rule nisi proceeding. We treat this appeal as a petition for writ of certiorari and deny the same.
Appellee, Antoinette Paul, was injured on August 22, 1993, while in the scope of her employment with appellant, Staffing Concepts International, Inc. (“Staffing”). At the time of her injuries, Staffing’s workers’ com *692 pensation carrier was United States Employer Consumer Self-Insurance Fund of Florida (“USEC”). On May 16, 1995, USEC was deemed insolvent and an order liquidating USEC was entered pursuant to chapter 681 of the Florida Statutes by the Second Judicial Circuit in and for Leon County, Florida. That order included appointment of the Department of Insurance as the receiver and a stay provision, pursuant to 631.041, which stayed all proceedings against the insurer or its assets.
On December 12, 1994, Paul brought a workers’ compensation action against both Staffing and USEC. In apparent recognition of the stay, Paul proceeded solely against her employer, Staffing, for unpaid benefits. Staffing raised as a defense the applicability of the statutory stay under Chapter 631. It also argued that at the time of Paul’s injury, Staffing had paid premiums to USEC for workers’ compensation insurance and that Paul had effectively released Staffing by filing a claim with the receiver in USEC’s insolvency proceedings. After a hearing on February 14,1996, the Deputy Commissioner rejected Staffing’s defenses, and in an order found Staffing liable for the payment of Paul’s claims. Staffing appealed this order to the First District Court of Appeal, which dismissed the appeal without prejudice for Staffing to seek “review upon the rendition of a final, appealable order.” The Deputy Commissioner held a second hearing and issued a supplemental final order which incorporated its prior order. Staffing did not appeal this final order. Rather, on the thirty-fifth day following the entry of this supplemental order, Staffing filed a motion for clarification on the calculation of the indemnity found due to be owed to Paul. That motion was denied by the Deputy Commissioner on the grounds that it was untimely and the supplemental order needed no clarification.
When Staffing failed to make any payments to Paul or provide continuing medical care, Paul filed her petition for rule nisi pursuant to section 440.24(1), Florida Statutes (1995), in the court below to enforce the supplemental order. Staffing moved for a stay of the proceedings pursuant to section 631.041, as it had done previously in the workers’ compensation proceeding. The lower court denied Staffing’s motion for a stay.
We conclude that the lower court did not depart from the essential requirements of law when it denied Staffing’s motion for a stay of the rule nisi proceeding below. The law is well-established that a circuit court’s inquiry in a rule nisi proceeding is confined to whether there is a valid workers’ compensation order in effect and whether there was a default of that order. See Southern Bell Telephone, Inc. v. Cordell, 693 So.2d 1012, 1014 (Fla. 3d DCA 1997); Navarro v. Sugarcane Growers Cooperative and Professional Adm’rs, Inc., 661 So.2d 946, 947 (Fla. App. 4th DCA 1995); North Shore Medical Center v. Capua, 634 So.2d 1141, 1143 (Fla. 3d DCA 1994); Benedict v. Executive Risk Consultants, Inc., 616 So.2d 525, 526 (Fla. 4th DCA 1993); Maranje v. Brinks of Florida, Inc., 610 So.2d 1293, 1294 (Fla. 3d DCA 1992); Alvarez v. Kendall Associates, 590 So.2d 518, 519-20 (Fla. 3d DCA 1991). A circuit judge presiding over a rule nisi proceeding is not vested with jurisdiction to review or re-entertain the merits of the workers’ compensation order sought to be enforced. See § 440.24(1), Fla. Stat.; Cordell, 693 So.2d at 1014; Navarro, 661 So.2d at 947; North Shore Medical Ctr., 634 So.2d at 1143; Maranje, 610 So.2d at 1294; Alvarez, 590 So.2d at 519; Venne v. Kleuver, 435 So.2d 350, 351 (Fla. 3d DCA 1983), review denied, 443 So.2d 979 (Fla.1984).
Staffing’s argument in favor of a stay below was simply an improper attempt to relitigate an issue previously rejected by the Deputy Commissioner in the workers’ compensation proceeding.[1] The appropriate channel for Staffing’s challenge to the workers’ compensation order would have been by way of a direct appeal. Having failed to timely appeal this order, Staffing is now precluded from attempting to collaterally attack *693 this order in the rule nisi proceeding below. The lower court’s denial of the stay therefore was not a departure from the essential requirements of the law.
Petition denied.

. Staffing’s argument in favor of a stay has similarly been rejected by the First District in its recent decision in Payroll Transfers Interstate, Inc. v. Forshey, 694 So.2d 80 (Fla. 1st DCA 1997). In Forshey, the court held, inter alia, that section 631.041 stays proceedings only against the insolvent insurer or its assets and not the insured employer. Id. at 81.