KAHN, J.
 

 Claimant, Timothy Reynolds, seeks review of an order of the Judge of Compensation Claims (JCC) that concludes Reynolds was an “owner-operator” as that term is used in section 440.02(14)(d)4., Florida Statutes (2000), excepting him from coverage as an employee under the Florida Workers’ Compensation Law. In the first of three points raised on appeal, claimant argues the JCC erred because the unambiguous terms of the owner-operator agreement that he entered into with Rink-er Transportation Corp. (Rinker), and the plain language of section 440.02(14)(d)4., Florida Statutes, compel a conclusion that he was not an owner-operator as the term is used in the statute. We agree and reverse. We need not reach the remaining issues raised by claimant.
 

 BACKGROUND
 

 Claimant, the owner of a truck (referred to hereafter as a tractor), entered into a “Vehicle Lease Agreement” (Agreement) with Rinker on January 9, 1998. The Agreement designated claimant as the “OWNER” of the tractor, and obligated him to furnish a qualified and approved driver for the tractor and provide Rinker a complete transportation service from origin to destination. In practical terms, the Agreement required claimant to haul trailers arranged for and provided by Rinker.
 

 On February 28, 2001, claimant suffered an accidental injury while performing work under the terms of the Agreement. Claimant filed a petition for benefits (PFB) against Rinker claiming the right to receive workers’ compensation medical and indemnity benefits. Rinker denied the PFB, alleging claimant was an owner-operator as described in section 440.02(14)(d)4., Florida Statutes, and thus excluded from coverage under chapter 440.
 

 At an evidentiary hearing, claimant introduced the Agreement into evidence. Neither party alleged the Agreement was ambiguous or required judicial interpretation. After hearing the evidence and reviewing the Agreement, the JCC found that, under the Agreement, and contrary to assertions made by Rinker at trial, Rinker was responsible for, and incurred certain costs for, bodily injury, property damage liability, and cargo insurance, applicable when claimant operated his tractor on Rinker’s business. Notwithstanding this finding, the JCC concluded such an arrangement had no legal significance and denied all compensation, reasoning claimant was an owner-operator as provided in section 440.02(14)(d)4., Florida Statutes, and not an employee entitled to workers’ compensation coverage under the law. Claimant seeks review of this legal conclusion.
 

 ANALYSIS
 

 Because our review turns on construction of the statute and the plain terms of the contract between the parties, the standard of review is de novo.
 
 See e.g., Gilbreth v. Genesis Eldercare,
 
 821 So.2d 1226, 1228 (Fla. 1st DCA 2002). The statute in effect on a claimant’s date of injury controls the substantive rights of the parties,
 
 see e.g., Russell v. P.I.E. Nationwide,
 
 668 So.2d 696, 697 (Fla. 1st DCA 1996) (holding substantive statutes cannot be applied retroactively); therefore, the 2000
 
 *270
 
 version of the owner-operator statute controls the disposition of this case.
 
 *
 

 Section 440.02(14)(d)4., Florida Statutes, provides that the term “employee” does not include:
 

 An owner-operator of a motor vehicle who transports property under a written contract with a motor carrier which evidences a relationship by which the owner-operator assumes the responsibility of an employer for the performance of the contract, if the owner-operator is required to furnish the necessary motor vehicle equipment
 
 and all costs incidental to the performance of the
 
 contract, including, but not limited to, fuel, taxes, licenses, repairs, and hired help; and the owner-operator is paid a commission for transportation service and is not paid by the hour or on some other time-measured basis.
 

 (emphasis added). The statute sets up a conjunctive five-part test for the owner-operator status: 1) a written agreement must exist; 2) the agreement must evidence a relationship by which the owner-operator assumes the responsibility of an employer for the performance of the contract; 3) under the agreement, the owner-operator must furnish the necessary motor vehicle equipment; 4) the owner-operator must furnish all costs incidental to the performance of the contract; and 5) the owner-operator is paid on commission and not on an hourly basis.
 

 The issue framed by claimant concedes all prongs of this test with the exception of the fourth requirement, that he be responsible for furnishing “all costs incidental to performance of the contract.” The plain language of the statute dictates that all elements be met to exclude an owner-operator from the definition of “employee.” Claimant correctly argues that the failure of one element precludes such an exclusion. Thus, disposition of the central issue on appeal depends entirely on whether claimant had to furnish all costs incidental to performance of the Agreement.
 

 The eight-page Agreement entered into between claimant and Rinker contains the various obligations and responsibilities of the parties for performance of the contract. Most significantly for our purposes, paragraph twelve of the Agreement states:
 

 12.
 
 Insurance to be Furnished by Rinker Materials Corporation:
 
 Rinker shall at its expense furnish and maintain bodily injury, property damage liability, and cargo insurance applicable while OWNER’S equipment is being operated on RINKER business....
 

 At oral argument, counsel for Rinker candidly admitted that the insurance coverage required by this paragraph was necessary to the performance of the contract. Also, in no fewer than eight instances, the Agreement utilizes the word “equipment” synonymously with claimant’s tractor. Indeed, a plain reading of the unambiguous terms of the Agreement reveals that the furnishing and maintenance of insurance was an essential and necessary term of the Agreement, the cost of which was to be borne by Rinker, not claimant. Here, the JCC correctly found that Rinker incurred the cost of the insurance required by paragraph twelve of the Agreement, and this finding is not challenged on appeal. The JCC erred, however, in concluding that Rinker’s provision of such insurance was of no legal significance.
 

 
 *271
 
 Section 440.02(14)(d)4., Florida Statutes, conditions the exclusion of coverage upon a showing that the owner-operator is required to furnish all costs for performance of the owner-operator agreement. Rinker did not, and could not, show that this condition was met and, therefore, claimant was not, at the time of his accident, a statutory owner-operator, as described in section 440.02(14)(d)4., Florida Statutes. Accordingly, the order of the JCC must be REVERSED and the case REMANDED to the JCC to conduct further proceedings to determine claimant’s entitlement to benefits.
 

 BENTON and ROBERTS, JJ., concur.
 

 *
 

 In 2005, the Legislature changed the statutory owner-operator exclusion by providing an owner-operator is not an employee if he is required to furnish the
 
 principal
 
 (as opposed to all) costs incidental to performance of the contract.
 
 See
 
 Ch. 2005-78, § 1, Laws of Fla.; § 440.02(15)(d)4. Fla. Stat. (2005).